## CALHOUN v. MOORE.

Opinion delivered May 14, 1906.

1. ADMINISTRATION—VESTING ESTATE IN WIDOW.—Mansf. Digest, § 3, providing that a decedent's entire estate, not exceeding $300 in value, shall be vested in his widow and children, was repealed by the act of April 1, 1887, providing for an allowance out of decedent's personal estate only. *Wilson* v. *Massie,* 70 Ark. 25, followed. (Page 111.)

2. SAME—An order of the probate court vesting land of a decedent, of value less than $300, in the widow is void. (Page 112.)

2. DEED—CONVEYANCE OF UNASSIGNED DOWER.—A deed of a widow purporting to convey the fee in land in which she holds merely an unassigned right of dower will be taken in equity to convey the latter interest. (Page 112.)

4. STATUTE OF LIMITATIONS—BURDEN OF PROOF.—The burden of proof is on a defendant who pleads the statute of limitations. (Page 112.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; reversed in part.

*L. P. Berry, A. B. Shafer* and *Driver & Harrison,* for appellant.

1. Unless upon inspection the decree vesting title discloses on its face want of jurisdiction, it is not subject to collateral attack. 27 Gratt. (Va.), 624, 629; Mitford on Pl. 240.

2. Though the probate court decree were erroneous and voidable, yet it is not void when collaterally called in question. 31 Ind. 444; 30 Mich. 502; 6 Cal. 685; 37 N. Y. 511; 4 Mass. 282; 51 N. W. 261; 5 Ark. 424; 3 Vt. 114; 128 N. Y. 229; 65 Ark. 355; 19 Ark. 499; 87 Mo. 533; 62 Ala. 416; 39 Tex. 579; 107 Ind. 410; 56 Pa. St. 44; 64 Tex. 477; 72 Cal. 53; 26 Fed. 471; 1 Kan. 106.

3. Repeals by implication are not favored. A later act will not operate as a repeal of an earlier one, if by any reasonable construction they can be reconciled. 26 Am. & Eng. Enc. Law (2 Ed.), 720, 721, 726.

4. Appellees' suit having been brought nearly eight years after the deed to appellees, during which time appellant has been left in possession, and nearly thirteen years after the probate decree vesting title in the widow, they are barred. 1 Stew. (Ala.), 81. Appellant was a *bona fide* purchaser for value without notice. 49 Ark. 207.

*D. F. Taylor* and *J. T. Coston,* for appellee.

1. The statute empowering the probate court to vest in the widow the estate of her deceased husband was amended in 1887 so as to apply to personal estate only. Since this was prior to the vesting order in issue, the decree of the probate court pleaded was a nullity. 70 Ark. 27.

2. On the plea of adverse possession, appellees were all under the disability of coverture or minority, except Mrs. Williams, and as to her the proof fails. The burden of proving adverse possession is upon him who asserts it. 61 Ark. 464; 21 Wall. 487; 57 Ark. 105. Appellant's acts of possession consisted in putting a sawmill on the land and cutting the timber. This is not sufficient to constitute adverse possession and put in motion the statute of limitation. 88 S. W. 567; 68 Ark. 553; 17 Minn. 361; 46 Ala. 335; 92 Ga. 591; 73 Ill. 491; 34 Ky. 634; 62 N. H. 517; 44 N. J. L. 525; 49 N. C. 295; 58 Pa. St. 313; 77 Tenn. 491; 28 W. Va. 34.

McCULLOCH, J. The lands in controversy were owned by

John O. Blackwood, now deceased, and on January 10, 1889, the probate court of Mississippi County made an order reciting that said lands were of less value than $300 and constituted all the estate left by said decedent, and vesting title to the same in Nannie E. Blackwood, the widow of said decedent.

The widow, sold, and by deed with full covenants of warranty of title conveyed, the lands to the defendant Calhoun. This suit was commenced in the chancery court of Mississippi County on February 8, 1902, by some of the minor children and heirs of John O. Blackwood against Calhoun to cancel said order of the probate court and the deed executed by Nannie E. Blackwood to defendant as clouds upon their title. Subsequently, on March 6, 1902, Mrs. Sallie Williams, another child of John O. Blackwood, appeared, and upon her own application was joined as a party plaintiff. The defendant answered, asserting the validity of the order of the probate court vesting the title to the lands in his grantor, Mrs. Blackwood, and that defendant had purchased the lands from her in good faith without any knowledge of imperfections in the probate order, and had made valuable improvements, and he also pleaded adverse possession for seven years.

It was admitted at the hearing that all of appellees were under the disability of infancy or coverture. The chancellor decreed one-third of the lands to defendant for the lifetime of the widow, Nannie E. Blackwood, the same being her dower interest which passed under her deed to him, and appointed commissioners to lay the same off, and also decreed to the appellees each one-ninth interest in the lands, and directed said commissioners to lay the same off to them in severalty. The decree was in favor of the defendant upon the plea of adverse possession as to the ninth interest of Mrs. Williams and another of the heirs, Chas. Blackwood, and as to the interest of another heir which defendant had purchased. After confirmation of the report of commissioners allotting the lands in severalty in accordance with the decree, the defendant Calhoun appealed to this court. Mrs. Williams obtained, and has prosecuted here, a cross-appeal from that part of the decree denying her right to recover.

*Wilson* v. *Massie,* 70 Ark. 25, is decisive of the question that the act of April 1, 1887, repealed the former statute impowering

the probate court to vest the estate of decedent in the widow or children, if the same should be less than the aggregate value of $300, and that the act of 1887, which was in force when the probate order was made, applied only to personal property, and not to real estate left ·by a decedent. It follows that the probate court was wholly without jurisdiction to render the judgment vesting the property in the widow, and the same was void and of no effect. The judgment being absolutely void, the title remained in the widow and heirs of John O. Blackwood, and the deed subsequently executed by the widow to appellant Calhoun conveyed nothing except, in equity, her unassigned dower. *Rush* v. *Weaver,* 62 Ark. 51. The chancellor was therefore right in so holding, and in canceling both the order of the probate court and the deed from Mrs. Blackwood, in so far as they affected the several interests of appellees.

The chancellor erred, however, in denying the same relief to Mrs. Williams on the ground that her rights were barred by limitation. The proof does not sustain appellant's plea of adverse possession. There is almost a total failure of proof on that subject. The burden was on the defendant to sustain his plea of adverse possession. *Brown* v. *Bocquin,* 57 Ark. 105; *McConnell* v. *Day,* 61 Ark. 464.

The testimony, in its most favorable light to the defendant, only shows that he took some sort of possession as early as the fall of 1895, which was less than seven years before Mrs. Williams asserted her claim by being made a party to the suit. The possession since then is not shown to have been sufficiently definite and notorious to set the statute of limitations in motion.

The decree is reversed and remanded, as to Mrs. Williams, with directions to enter a decree in her favor against the defendant for her one-ninth interest in the land, timber and rents, less improvements, etc., subject to the dower right of the widow, the same as the decree in·favor of appellees; the decree in favor of appellees, Emma Moore, Lula Boyles, Wm. W. Blackwood, Belva Blackwood, Dwight Blackwood and John Blackwood is affirmed.