---

Sᴛ. Lᴏᴜɪs, Iʀᴏɴ Mᴏᴜɴᴛᴀɪɴ & Sᴏᴜᴛʜᴇʀɴ Rᴀɪʟᴡᴀʏ Cᴏᴍᴘᴀɴʏ

*v.* Bᴇʀʀʏ.

Opinion delivered May 18, 1908.

1. Lɪᴍɪᴛᴀᴛɪᴏɴ—ʟɪᴀʙɪʟɪᴛʏ ᴏғ ᴄᴏᴍᴘᴀɴʏ ᴘᴜʀᴄʜᴀsɪɴɢ ʀᴀɪʟʀᴏᴀᴅ—ɴᴏᴛɪᴄᴇ.— Under Kirby's Digest, § § 6587, 6588, providing that whenever any company or individual shall purchase any railroad from another company or individual such purchaser shall take and hold the same

subject to all debts, liabilities and obligations of the seller, and that all persons having claims against the purchaser shall present same within 12 months after receiving notice of the sale from the purchaser or be forever barred, *held* that where no notice was given as required by the statute the statutory bar of one year was inapplicable. . (Page 313.)

2.  SAME—BURDEN OF PROOF.—The burden of proof is upon one who pleads the statute of limitations.   (Page 314.)

3.  CONTRACT TO BUILD DEPOT—DEFINITENESS.—A contract which requires a railroad company to establish a depot upon certain land, without designating the exact location and the kind of depot to be built, is not too indefinite to be enforced, such matters being left to the discretion of the railroad company.   (Page 314.)

4.  SAME—CONSTRUCTION.—A contract to establish a "depot" on certain land is not complied with by constructing a side track and placing a box car where freight may be received and cars stopped when flagged; the term "depot" implying a permanent structure to be used as a receptacle for freight and passengers and to be of the kind usually erected at similar stations along the same railroad.   (Page 315.)

5.  EVIDENCE—PROVING CONSIDERATION OF DEED BY PAROL.—It is permissible to show by parol evidence that the real consideration of a deed for right of way was the erection of a depot on the ground.   (Page 315.)

6.  APPEAL—HARMLESS ERROR.—The improper admission of evidence was not prejudicial if the fact it tended to prove was otherwise established by undisputed evidence.   (Page 315.)

7.  AGENCY—RATIFICATION.—Where a railway company accepted a right-of-way deed with a clause in it providing for the erection of a depot on the land, it will be held to. have ratified the acts of its agent in making such contract.   (Page 316.)

8.  APPEAL—TRIAL BEFORE COURT—PRESUMPTION.—Where a case is tried before the court sitting as a jury, the presumption is that the court considered such evidence only as was competent.   (Page 316.)

9.  CONTRACT TO BUILD DEPOT—BREACH—DAMAGES.—Where a right-of-way across certain land was conveyed to a railroad company in consideration of .its placing a depot on the land, and the company fails to place the depot on the land, the grantor is entitled to recover the value of the land so taken and appropriated.   (Page 317.)

Appeal from Baxter Circuit Court; *John W. Meeks,* Judge: affirmed.

### STATEMENT BY THE COURT.

G. W. Berry was the owner of an undivided two-thirds interest in a tract of land through which the White River Railway

Company desired a right-of-way. On the 14th day of September, 1901, Berry and wife executed a deed conveying a right-of-way across said land to said company. The right-of-way was described in the deed as a strip of land "one hundred feet wide, the middle thereof to be the center of the track of the railroad, as it is now located over, through and across the lands hereinafter described, said lands through which the strip hereby conveyed extends, and also a strip 100 feet wide and 3,000 feet long for siding and depot." The consideration in the deed is as follows: "For and in consideration of the sum of two-thirds of $25.00 per acre for cleared land, timber land gratis, and depot on land." The railroad was constructed as located, a side track was laid upon the land, and the trains stop there when flagged. There is a section house there, situated about thirty feet from the tracks. It is two stories high, and has three rooms downstairs. A couple of foremen live in it with their families. There is a box car there, in which freight is stored. It has ample room for that purpose. There is no agent there to receive freight and to sell tickets to passengers. The deed was filed for record on the 3d day of January, 1902.

This railroad was purchased by the St. Louis, Iron Mountain Railway Company from the White River Railway Company on the 26th day of March, 1903.

Evidence was adduced at the trial to the effect that there were eighteen acres of appellee's land appropriated for right-of-way by the railway company, thirteen acres being cleared and the remainder timber land, and that appellee was damaged $1,500 by the location and construction of said railroad upon his land. Other facts appear in the opinion. This action was brought August 11, 1906, to recover damages for a breach of the contract, alleging that the railroad company failed to erect the depot as required in the deed. The case was tried before the court sitting as a jury. Appellant asked the court to find the facts and declare the law as follows:

"FINDING OF FACTS.

"I find that said contract (if ever made) was by parol, and made in the year 1901, and more than three years before the bringing of this suit.

"I find that such contract (if made) was made with one S. J. Cresswell, and that he professed to be acting under one H. Devereux, an engineer of the defendant, and fail to find that said Devereux· had authority to authorize said Cresswell to make such contract."

## "DECLARATION OF LAW.

"I.   This action is barred by the statute of limitations of three years.

"II.   That the contract relied on by plaintiff was void as against public policy.

"III.   That there is no privity of contract between the plaintiff and defendant, and that no valid contract is proved, and the plaintiff cannot recover in this action."

The court refused to make the above finding of facts and declaration of law, to which refusal defendant duly saved its several and separate exceptions.

Thereupon the court, sitting as a jury, made the following finding: "And the court, after hearing the evidence in this case, argument of counsel, and being fully advised in the premises, doth find for the plaintiff damages in the sum of $642, with six per cent. interest from the 11th day of August, 1906, amounting to $22.87, making a total of the sum of $664.87."

Appellant filed its motion for a new trial, and, upon it being overruled, brought this case here by appeal.

*Tom M. Mehaffy* and *J. E. Williams,* for appellant.

1.   The claim was not presented to appellant within twelve months.   Kirby's Digest, § 6588.   The White River Railway Company should have been made a party.   68 Ark. 171.

2.   The clause "a depot on the land" has been complied with.   As to what a depot is, etc., see 71 Ark. 189; 45 N. Y. 514; 42 S. E. 617; 37 Conn. 153.

3.   If it was contemplated that there should be a principal depot or the only one within certain limits, it was void as against public policy.   6 Col. 1; 45 Am. Rep. 512; 31 Fla. 482; 64 Ill. 414; 130 *Id.* 559; 106 Ind. 55; 53 Io. 126; 61 Miss. 725.

4.   An agent acting under a general authority and power to secure right-of-way has no authority to contract to locate

stations at particular places. 5 Tex. 176; 8 Am. & E. R. Cases, 723.

5. The court erred in the admission of testimony as to damages. 56 Ark. 612; 71 *Id.* 302; 47 *Id.* 501; 67 *Id.* 375; Sedgwick on Damages, § 1293; 59 Ark. 110; 74 Pa. St. 208-216.

6. The case was tried on the wrong theory as to the measure of damages. 75 Ark. 89; 106 Ind. 55; 87 N. Y. 382; 3 Atl. 444; 55 Am. Rep. 719.

*W. S. Chastain* and *Frank Pace,* for appellee.

1. The suit is not barred by the three-year statute. The special statute of one year never even got started. The question of limitation was not raised below; it cannot be raised here now. 75 Ark. 296.

2. The parties had authority to make a contract to locate a depot. This is fully proved.

3. No depot was erected as agreed, nor did the company raise this question below. 77 Ark. 31; 75 *Id.* 317. A section house is not a depot, nor is a box car, nor a flag station. 40 N. W. 613, 614; 39 Wisc. 485; 76 Wisc. 43.

4. No rights of the public were infringed. No effort was made to limit or restrict the number of depots. The contract was not void as against public policy.

5. As to the damages, the motion for new trial sets up only a general assignment. This is not sufficient. 77 Ark. 64; 34 *Id.* 721; 70 *Id.* 427; 73 *Id.* 530; 77 *Id.* 27, 418; 75 *Id.* 181. As to the elements of damage, see 51 Ark. 330; 54 *Id.* 140; 44 *Id.* 258, 260; 51 *Id.* 324. A party may treat the contract as rescinded and recover on *quantum meruit.* 7 A. & E. Enc. Law (2 Ed.), p. 153; 71 Ark. 189.

6. The company has waived all questions as to admissibility of testimony. 77 Ark. 261; *Id.* 31; 75 *Id.* 181.

HART, J., (after stating the facts). 1. Appellant claims that it is not liable in this action because the contract, if any was made, was between appellee and the White River Railway Company. Appellant also claims that the action is barred by the statute of limitations. These questions will be considered together.

The evidence shows that appellee made the contract in question with the White River Railway Company in September, 1901,

and that appellant became the owner of said railroad by purchase in March, 1903.

Section 6587 of Kirby's Digest provides that whenever any railroad company shall purchase any railroad from any other railroad company, it shall take and hold the same subject to all the debts, liabilities and obligations of the company from which said road was purchased. Section 6588 provides that all persons having claims against the purchasing company shall present the same to it within twelve months after receiving notice from the purchasing company of the sale. The complaint in this case states that appellant refused to perform the contract made by appellee and the White River Railway Company. It is not necessary to decide here whether the notice required to be given by section 6588 must be actual or constructive; for appellee testified that he did not have actual notice of the sale, and the record does not disclose whether or not appellant complied with the statutes in regard to constructive notice by filing a duly attested copy of the deed and confirmation of the sale of the railroad with the Secretary of State. Hence the present case stands as if appellee did not have any notice of the sale, either actual or constructive, and the action is not barred by the one-year statute of limitations prescribed by section 6588.

Was it barred by the three-year statute? The burden of proof is upon a defendant who pleads the statute of limitations. *Calhoun* v. *Moore*, 79 Ark. 109. The record does not disclose the precise time when the railroad was completed through appellee's land, but it was sometime during the year 1903. It is not to be presumed in any event that the railroad company would construct its depots in advance of the completion of the track of its line of railroad.

Berry had a right to depend on the railroad company to perform its contract until it repudiated it, or until it became apparent that the railroad company did not intend to execute it within a reasonable time. Therefore the action was not barred by the three-year statute of limitations.

2. Appellant contends that, because the deed did not designate the exact location and the kind of depot to be built, the contract was too indefinite to be carried out. This argument is not tenable. The stipulation of the deed under consideration

contains no restrictions, and, being general in its character, could never become a source of embarrassment to the railroad company in the future. Appellee had a right to assume that it would erect a depot in keeping with other depots on its line of road and commensurate with the necessities of the public, and that it would be located at the point deemed most advantageous to the railroad, having reference to the topography of the ground as well as the convenience of the pubic. These were matters properly left to the judgment of the railroad company.

3. Appellant also claims that it performed the contract on its part by erecting a depot. That is to say, it constructed a side track and placed a box car there where freight might be received, and cars stopped there when flagged.

In the case of *Arkansas Central Railroad Co.* v. *Smith*, 71 Ark. 189, the court said: "The term 'depot' usually includes not only the idea of stopping place, but also that of a building or something of the kind for protection and convenience of passengers and freight."

A box car is not a building. The latter implies a permanent structure, and not a part of the rolling stock of the company, which may me moved at will along the line of the railroad. We think that the word "depot," as used in the deed, was intended to mean a permanent structure of some kind to be used as a receptacle for freight and passengers, and was to be of the kind the railway company erected at similar stations along its line of railway.

4. Appellant contends that the court erred in admitting oral testimony that a part of the consideration for the deed was the erection of a depot upon appellee's land. It is permitted to show by parol evidence that the real consideration of a deed for right-of-way was the erection of a depot on the ground. *St. Louis & N. A. Rd. Co.* v. *Crandell*, 75 Ark. 90, and cases cited.

Moreover, this consideration was recited in the deed, and this court has repeatedly held that the improper admission of evidence is not prejudicial if the fact it tended to prove was otherwise established by undisputed evidence. *Pace* v. *Crandell*, 74 Ark. 417; *Waters-Pierce Oil Co.* v. *Burrows*, 77 Ark. 74; *Standard Life & Accident Ins. Co.* v. *Schmaltz*, 66 Ark. 588; *Maxey* v. *State*, 76 Ark. 276; *Meisenheimer* v. *State*, 73 Ark. 407.

Appellant also urges that its right-of-way agents had no authority to contract for the erection of depots. The railway company accepted the deed with a clause in it providing for the erection of a depot on the land, and thereby ratified the acts of its agent.

5. Appellant urges as error that the court permitted one witness to testify about having received $500 as a compromise for not putting a depot on his land. Assuming this testimony to be incompetent, it is not prejudicial; for, as will be hereafter seen, there was sufficient competent evidence to sustain the findings of the court, and in a trial of a case before the court sitting without a jury, the presumption is that the court considered such evidence only as was competent. *Covington* v. *St. Francis Co.,* 77 Ark. 258.

6. Appellant asks for a reversal because it claims that the court erred in the admissibility of testimony as to appellee's damages, and because it adopted the wrong theory as to the measure of damages. Without going into the details of the testimony, it may be said that the same elements of damages were considered and allowed, and competent evidence in that regard was heard, by the court, as if appellee had brought his statutory action for compensation for land already taken and appropriated by the railroad company. This he was entitled to under the law without any contract, and, having released and given it up by virtue of his contract with the railroad company, the amount of it should unquestionably be treated as his measure of damages for the violation of the agreement.

This was the measure of damages allowed in the case of *Arkansas Central Rd. Co.* v. *Smith,* 71 Ark. 189, and the same rule is announced in the case of *Rockford, etc., Rd. Co.* v. *Beckemeier,* 72 Ill. 267, where it was said that any supposed damage to the farm on account of the failure to build the depot, growing out of anticipated increased value, is too remote to be considered a necessary consequence of the failure to build the depot.

This view is not in conflict with the elements of damage allowed in the case of *St. Louis & N. A. Rd. Co.* v. *Crandell,* 75 Ark. 89.

The Crandell case was a suit for damages by reason of removing a passenger station which had already been established

and maintained for more than one year. The depot had been located on the land of Mrs. Murray pursuant to a contract between Crandell and the railroad company. Crandell had paid, Mrs. Murray the value of the right-of-way across her land. He was allowed to recover this, and also the loss in value of property built by him near the depot.

In the present case there had been no buildings erected at or near the proposed site of the depot. The land was cultivated as a farm, and there is no evidence that it was intended to be sold.

Appellee adduced evidence at the trial tending to show that he had been damaged in the sum of at least $1,200, and that he had been paid the sum of $325. He recovered judgment for the sum of $642. Hence it cannot be said that the evidence did not sustain the findings of the court.

Since writing the opinion, the court has held in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Batesville & Winerva Telephone Company, ante* p. 300, that actual notice is required by section 5688 of Kirby's Digest.

Affirmed.