## OZARK WHITE LIME CO. v. BYRD.

### Opinion delivered November 27, 1911.

MASTER AND SERVANT—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.—Proof that plaintiff was injured, while engaged in his master's work, by a stone which rolled down on him from the hillside, without any testimony that there was anything to apprise the master of the servant's danger, is insufficient to establish negligence on the master's part.

Appeal from Benton Circuit Court; *J. S. Staples,* Judge; reversed.

*Read & McDonough,* for appellant.

1. There is no allegation in the complaint, neither is there any evidence, that the company had any knowledge of any dangerous condition of the rock, nor that it was negligently ignorant of such dangerous condition, nor that an inspection by the company would have disclosed that it was about to fall. There is no testimony whatever to show how the rock fell what caused it to fall, whence it came, nor any evidence from which any such inference may be drawn. This is not a case where the law will supply the presumption of negligence from the happening of the accident, but the burden is on the plaintiff to show the negligence. 79 Ark. 437; *Id.* 76, and cases cited at page 81; 82 Ark. 372; 87 Ark. 321; *Id.* 287; *Id.* 191; 88 Ark. 181; 89 Ark. 50; 92 Ark. 350; 103 Pac. (Wash.), 1119; 85 N. E. (Ind.) 728; 135 S. W. 422; 113 Pac. 1123; 113 N. Y. S. 1018; 115 N. Y. S. 30; 47 So. 248.

2. There can be no recovery where the cause of the injury is a mere matter of conjecture. 181 Fed. 91 and cases cited; 2 Labatt, § 937.

*Rice & Dickson,* for appellee.

1. It is negligence for a master to direct a servant into a dangerous and unsafe place to work, without inspection or the exercise of reasonable care to furnish a safe place. In this case the jury had the right to consider the bluff and its surroundings, the blasting and its effect upon the rocks and soil, and to draw all reasonable inferences as to whether it was a safe place, and whether upon inspection the dangerous conditions could have been discovered and removed. And on appeal, in considering a peremptory instruction, the court will "consider as

admitted all that the jury might infer from the evidence."
17 Am. St. Rep. 59.   Not only is a corporation liable for injury
sustained by a servant resulting from careless omission of duty
or negligence of the employer, but the servant also has the right
to act upon the presumption that the employer has discharged
its duty with reference to providing safe appliances with which,
and a safe place in which, to work.   93 Ark. 93; 87 Ark. 396;
56 Ark. 206.

Where a master, having constructive notice of the danger
and having failed to exercise reasonable care to make the place
safe, assigns a servant to a place to work which subjects him to
the dangers of being injured by falling rock or earth, the master
is liable in damages to the servant if he is injured.   7 Am. & Eng.
Ann. Cas. 302; 31 N. E. 638; 79 S. W. 290; 44 N. E. 876; 30
Pac. 692.   Where a person uses or operates a dangerous agency,
the happening of the accident is evidence, *prima facie*, of neg-
ligence.   89 Ark. 581; 78 Ark. 429; 63 S. W. (Ark.) 164;
82 Am. St. Rep. 630; Shearman & Redfield on Negligence,
§ § 16, 18, 59.

McCulloch, C. J.   The plaintiff recovered judgment
below against the defendant for damages on account of alleged
injuries received while at work in defendant's service, and we
are asked to reverse the judgment on the ground that the evi-
dence was not legally sufficient to authorize the verdict.   De-
fendant is a domestic corporation, and was, at the time of plain-
tiff's injury, engaged in operating a limekiln in Washington
County, Arkansas.   Plaintiff was employed by defendant as
a wood-hauler, but late in the afternoon on a certain day he
was taken from that work by the foreman and put to work
assisting in laying a track along which the cars run from the
rock quarry to the kiln.   The face of the hillside had been
blasted off so that there was a bluff 40 or 50 feet high, almost
perpendicular, and tunnels were blasted into the face of this
bluff in taking out rock.   The track which plaintiff was assist-
ing in laying ran along the surface of the ground at the foot of
the bluff, and while he was at work, a rock, about the size of a
gallon bucket, as the witnesses described it, fell or rolled down
from somewhere above and struck him, inflicting a painful
injury.

Plaintiff's right to an affirmance of his judgment depends entirely upon the force and effect to be given to his own testimony. After describing the blasted-off face of the hillside and the tunnels, he testified that he was at work helping to lay the track when the rock rolled down from above and struck him, and that the only warning he had was that somebody cried, "Lookout!" just before he was struck. He does not pretend to say where the rock came from nor what caused it to fall, and there is no other testimony in the case that sheds any light on the subject. Now, the rule is well settled by the decisions of this court that, in a suit by an employee against his employer to recover damages on account of negligence of the latter in failing to furnish a safe place in which, or safe appliances with which, to work, no presumption of negligence arises from the happening of the injury nor even from proof of some defect. The cases on this subject are so numerous that they need not be cited. In order to recover in such a case it devolves on the plaintiff to prove, not only that there was some defect in the working place or in the appliances furnished, but that the employer had discovered the defect or that it was of such a character that it could have been discovered by the exercise of reasonable diligence. In other words, the plaintiff must prove that there was a discoverable defect before it can be said that the employer has been guilty of negligence in failing to discover and repair it. In the present case there is nothing whatever in the testimony that warrants a finding that there was any dangerous condition existing there which plaintiff's employer was apprised of or which in the exercise of reasonable diligence he could have discovered. Of course, we know that the rock must have come from the hillside or from the face of the bluff, but the evidence does not disclose where it came from, nor what its appearance before it fell, nor what caused it to fall. It may have been loosened or dislodged in some way by a blast which left it in condition that it would roll down from a slight jar, but that its appearance did not indicate such a situation as to apprise the employer of its dangerous condition. It may be that the rock was set in motion from the hillside by some trespasser without the knowledge of the employer and without any opportunity to guard against it. These are entirely matters of speculation, and in this class of cases the

jury is not permitted to speculate and to base a verdict thereon where there is no evidence upon which it can be established that the defendant was guilty of negligence. In the absence of proof that there were loose rocks which were likely to fall, it can not be said that the place where plaintiff was working was a dangerous one, and the mere fact that the rock rolled down does not prove that it was in a condition which created a discoverable danger, nor that plaintiff's place of work was rendered dangerous by it.

The maxim, *"res ipsa loquitur,"* does not apply in this class of cases, for it devolves on an injured employee, before he can recover, to prove that the injury was caused by the negligence of his employer in failing to make the working place safe. The maxim only applies where the happening of the injury speaks for itself and establishes the fact that it could not have occurred otherwise than as the result of some act of negligence. In this case we can not say that the falling of the rock necessarily resulted from some act of negligence on the part of the defendant. Therefore, the maxim can not be invoked to supply proof of negligence.

We are of the opinion that the evidence is insufficient to sustain the verdict in this case, and that the judgment should be reversed, and the cause remanded for a new trial. It is so ordered.