LOVE *v.* COWGER.

Opinion delivered October 8, 1917.

1. APPEAL AND ERROR—ABSENCE OF MOTION FOR NEW TRIAL.—Where the motion for a new trial does not appear in the abstract filed by appellant, this court will not consider assignments of error with reference to the admission of testimony on account of incompetency and irrelevancy.

2. EJECTMENT—BURDEN OF PROOF—ADVERSE POSSESSION.—In ejectment the burden is upon the plaintiff to establish his title and right of possession incident thereto, but where the defendant pleads adverse possession, the burden is upon him to show it.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*J. B. Crownover,* for appellant.

1. The court erred in continuing the cause.

. 2. Illegal evidence was admitted, copies of unauthenticated maps. Kirby & Castle's Digest, § § 3369, 3376.

3. The verdict is directly in the teeth of the evidence.

4. The court erred in its instruction as to the burden of proof. Kirby & Castle's Digest, § § 3418, 3447.

5. Argue other points not decided by the court nor mentioned in the opinion.

*U. L. Meade* and *Jno. M. Parker,* for appellee.

1. No proper bill of exceptions has been filed and all the evidence is not set forth in this abstract. No exceptions were saved to the instructions. 88 Ark. 505. There is no motion for a new trial in the bill of exceptions. 109 Ark. 543; 61 *Id.* 157; 111 *Id.* 509.

2. The instructions of the court are correct.

HUMPHREYS, J. On August 4, 1915, appellee brought ejectment against appellant in the Dardanelle District of Yell Circuit Court to recover a strip of land 65 links wide across the north side of the N. ½ of the N. W. ¼, Sec. 4, T. 5 N., R. 19 W., alleging that she owned the strip of land and that appellant was in the wrongful

possession thereof and had collected rent thereon without right for three years next before the commencement of the action.

Appellant answered denying the material allegations of the complaint, and by way of further defense, claimed title by limitation.

The cause was heard by a jury upon the pleadings, oral evidence and instructions of the court, and a verdict returned in favor of appellee for the land and $50.00 for rent. An appeal has been lodged in this court from the judgment rendered thereon.

(1) A motion for new trial does not appear in the abstract filed by appellant. This court is therefore precluded from considering assignments of error with reference to the admission of testimony on account of incompetency or irrelevancy. As originally abstracted no objections were made or exceptions saved to the instructions · given on the court's own motion, nor to his refusal to give instructions asked by appellant. Appellant was permitted to bring objections and exceptions to said instructions into the record by writ of certiorari. The record as amended discloses that the objections and exceptions were in gross except as to a certain unnumbered instruction given by the court. Separate objections were made and exceptions saved to that instruction. The instruction referred to is as follows:

"The burden of proof is usually and always upon the plaintiff to establish his case by a preponderance of the testimony and the burden is on the plaintiff in this case in the whole to establish the correctness of the survey, and I think there is no question about the ownership of the land, but on the question of adverse possession the burden shifts to the defendant and the burden is then on the defendant alone to show his title by adverse possession according to these instructions."

(2) It is contended that this instruction is erroneous because it violates the well established rule that the burden of the whole case rests upon the plaintiff. The rule cannot be gainsaid, but it does not enforce upon the

plaintiff the necessity of proving a negative. In eject-
ment the burden is upon the plaintiff to establish his title
and right of possession incident thereto. In the instant
case, appellee was relieved from making proof of her title
papers by the following agreement: "It is agreed by all
parties that Miss Annie Cowger is the owner of the N.
½ of the N. W. ¼ of Sec. 4, T. 5 N., R. 19 W., and Mr.
Love is the owner of the S. W. ¼, Sec. 33, T. 6 N., R. 19
W." It then became necessary for her to prove by a
preponderance of the evidence the exact location of her
boundary line. When this burden was discharged she
could well afford to rest her case. Another issue, how-
ever, was injected into the case by answer of appellant.
In substance he said: Notwithstanding you own the strip
in question by your title papers and survey, yet I claim
it by seven years' adverse possession. It follows, as
night follows day, that it was incumbent upon appellant
to establish his possessory title by the burden of proof.
This court has frequently said that the burden is on the
defendant to sustain his plea of adverse possession.
*Brown* v. *Bocquin,* 57 Ark. 97; *McConnell* v. *Day,* 61 Ark.
464; *Calhoun* v. *Moore,* 79 Ark. 109; *St. L., I. M. & S.
R. Co.* v. *Berry,* 86 Ark. 309.

We think the instruction as given clearly stated the
law. In effect, the instruction placed the burden of the
whole case upon appellee, but shifted the burden to ap-
pellant to establish his plea of seven years' adverse pos-
session. The following clause in the instruction—"and
I think there is no question about the ownership of the
land" manifestly referred to the agreement of parties
set out above with reference to the ownership of the re-
spective tracts of land, and was not an expression of
opinion by the court upon the merits of the case.

No error appearing in the record of which this court
can take cognizance under its rule, the judgment is af-
firmed.