VAN HOOZER *v.* HENDRICKS.

Opinion delivered April 19, 1920.

1. APPEAL AND ERROR—NECESSITY OF MOTION FOR NEW TRIAL.—Alleged errors in regard to the lack of sufficient evidence to support the judgment, and giving and refusing instructions, will not be considered unless preserved in the motion for new trial.

2. APPEAL AND ERROR—ABSTRACT.—Appellant's abstract should show that a motion for new trial embracing the assignments of error insisted upon was filed and overruled; and where it fails to do, the judgment will be affirmed under rule 9.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*Robert J. White,* for appellants.

1. The proof on behalf of appellants is practically uncontradicted of a warranty and failure and that the sale was induced by through false and fraudulent representations. Instruction No. 2 given was error and does not state the law. 135 S. W. 438; see also 11 Ark. 58; 38 *Id.* 339; 60 *Id.* 387.

2. Instruction No. 3, asked by defendants, should have been given, as it states the law correctly that if Hendricks warranted the tractor or made false representations inducing the purchase they should find for defendants.

No brief for appellee.

HUMPHREYS, J. Appellee instituted suit against appellants in the Logan Circuit Court, Northern District, for $1,000 and interest, balance of the purchase money for a tractor engine sold by appellee to appellants. The unpaid purchase price was evidenced by a note, executed at Fort Smith, Arkansas, May 16, 1918, for said sum, bearing interest at the rate of 8 per cent. per annum until paid, due and payable October 15, 1918. This note was made the basis of the action.

Appellants interposed two defenses to liability on the note; first, that appellee warranted the tractor to be a good and practicable machine for farm purposes, which, on test, proved impracticable and unfit for use on the farm; second, that appellee induced the sale through fraudulent and false representations as to its quality, condition and usefulness.

The cause was submitted upon the pleadings, evidence and instructions of the court.

The evidence adduced on behalf of appellants tended to support their allegations of a warranty and failure thereof, and that the sale was induced through false and fraudulent representations.

The evidence adduced on behalf of appellee tended to show that the tractor was sold on inspection without warranty and without inducement through false and fraudulent representations.

It is contended that the judgment should be reversed for the want of sufficient legal evidence to support it, and because instruction No. 2, given by the court, is erroneous, and instruction No. 3, requested by appellants and refused by the court, correctly declared the law, as applied to the facts in the case. The errors insisted upon for reversal should have been preserved in a motion for a new trial in the lower court. The abstract presented by appellant fails to show that a motion for a new trial, embracing the assignments of error insisted upon, was filed and overruled by the court. The abstract and brief make no reference whatever to the filing of a motion for a new trial in the lower court. Under rule 9 of this court, a judgment will be affirmed unless appellant's brief shows that a motion for a new trial was filed and overruled. The enforcement of this rule is necessary to the orderly and efficient dispatch of the business of this court. *Reeves* v. *City of Hot Springs,* 103 Ark. 430; *Love* v. *Cowger,* 130 Ark. 445.