Missouri Pacific Railroad Company *v.* Williamson.

4-4909

Opinion delivered January 31, 1938.

*Thomas B. Pryor* and *Harvey G. Combs,* for appellant.

*J. F. Williamson,* for appellee.

Humphreys, J.  Appellants instituted an action of ejectment in the Crittenden circuit court against appellee to recover a small parcel of land in said county as follows:

"From the intersecting west line of section 6, township 5 north, range 8 east, measure northeasterly along center line of carrier's main track 785 feet, thence northwesterly normal thereto 51.5 feet to a point 8.5 feet from and on the northwest side of carrier's side track No. 1 for the point of beginning; thence continue on last mentioned course 48.5 feet to a point in carrier's northerly right-of-way line, thence northeasterly normal to last course and along said right-of-way line 115 feet; thence southeasterly normal to last course 48.5 feet to a point 8.5 feet from and on the northwest side of said track No. 1; thence southwesterly parallel to said track 115 feet to the point of beginning, containing 5,577.5 square

feet.'' This parcel of land lies within the second parcel of land described in a donation deed executed by J. F. Williamson in 1903 to the St. Louis, Iron Mountain & Southern Railway Company for station and depot purposes. It is specifically provided in the deed that the last two tracts described are conveyed for station and depot purposes, and to be held by the grantee, its successors and assigns, so long and so long only as they may be used for such station and depot purposes, and upon cessation of such use the grantor or his assigns may re-enter, and title of said land shall then, at once, revest in him.

Appellants alleged ownership of the land for which they brought suit under and by virtue of the J. F. Williamson donation deed and that all conditions embraced in the deed had been fully performed.

Appellee filed an answer denying that appellants owned the land in question for the reason that appellants never built a station or depot upon either of the two tracts described in the deed from J. F. Williamson to the St. Louis, Iron Mountain & Southern Railway Company and on account of such failure never acquired title to said land; and further that the box car placed upon the right-of-way and used for a station or depot in 1914, eleven years after the deed was executed and filed for record, burned down in 1919 and was never replaced and that the shed it constructed a few hundred yards from where the box car was placed was not on any of the land described in the Williamson deed. Appellee also alleged that after the death of J. F. Williamson he became the owner in fee simple of the southwest quarter of section 6 by inheritance, entered into the possession thereof and is now in the rightful possession thereof.

On May 3, 1937, a jury trial was held, resulting in an instructed verdict for appellee.

As we understand the record, no station or depot was ever erected upon any part or parcel of the lands conveyed by J. F. Williamson to the railway company. We certainly can not be mistaken about the matter as

Mr. Wheeler who represented appellant stated that for the purpose of expediting matters it has been stipulated that there never was any depot built in section 6. The only attempt to comply with this condition in the deed, if, indeed, it was an attempt to do so, was to place an old box car on the right-of-way which was conveyed in the same deed that the lands for station and depot purposes were conveyed. This court said in *St. Louis, I. M. & S. Ry. Co.* v. *Berry,* 86 Ark. 309, 110 S. W. 1049, quoting the fourth syllabus of the opinion, that:

"A contract to establish a 'depot' on certain land is not complied with by constructing a side track and placing a box car where freight may be received and cars stopped when flagged; the term 'depot' implying a permanent structure to be used as a receptacle for freight and passengers and to be of the kind usually erected at similar stations along the same railroad."

The side track was not built upon any of the land conveyed for station and depot purposes in the Williamson deed, but was placed upon the right-of-way, or the hundred-foot strip, which was conveyed as a right-of-way for railroad purposes. After the box-car burned a shed was erected in 1921 across the highway on land to the west and situated in another section and range and was used for receiving and storing freight and receiving and discharging passengers, but this did not meet the condition in the Williamson deed that the two parcels of land should be used for station and depot purposes nor the express provision in the deed that the two last above mentioned tracts are conveyed for station and depot purposes, and to be held by the grantee, its successors and assigns so long and so long only as they may be used for such station and depot purposes and upon cessation of such use the grantor or his assigns may re-enter, and title of said land shall then at once revest in him. We do not think the fact that J. F. Williamson leased a part of the two last mentioned tracts from the railroad company for several years for agricultural purposes estopped him or his heirs from requiring the railroad

company to comply with conditions in the donation deed in order to acquire the title to the land.

We think the record clearly shows that the railroad company either failed to acquire title to the last two tracts of land by complying with the conditions in the deed in order to acquire title, or else the railroad company abandoned all right and title thereto after accepting the deed. The instant case is quite similar to the case of *St. Louis Southwestern Ry. Co.* v. *Curtis*, 113 Ark. 92, 167 S. W. 489, and the principles announced therein are applicable to the instant case. Under the rules announced in that case, we think the judgment in the instant case is correct.

The judgment is affirmed.