CROUCH *v.* GILBERT.

4-8023                                    198 S. W. 2d 72

Opinion delivered December 9, 1946.

*Hardin, Barton & Shaw*, for appellant.

*Chas. X. Williams* and *Paul X. Williams*, for appellee.

En. F. McFADDIN, Justice. The judgment of the circuit court is affirmed because of appellants' noncompliance with Rule 9 of this court, which rule provides, in part: "In all civil cases the appellant shall . . . file abstract . . . The abstract or abridgment of the transcript shall set forth the material parts of the pleadings, proceedings, facts and documents . . ., together with other matters from the record as are necessary to an understanding of all questions presented to this Court for decision. . . ."

This is a law case; and the appellants argue that the evidence is not sufficient to sustain the verdict. That assignment of error would have to be preserved in a motion for new trial (see *Western Union Tel. Co.* v. *Sockwell*, 91 Ark. 475, 121 S. W. 1046; *Van Hoozer* v. *Hendricks*, 143 Ark. 463, 221 S. W. 178). The appellants' abstract is fatally defective, in that it makes no reference to the filing or overruling of any motion for new trial. *Wallace* v. *S. L. I. M. & S. Ry. Co.*, 83 Ark. 356, 103 S. W. 747, and *Draper* v. *Robinson*, 101 Ark. 126, 141 S. W. 762, are cases in point: each of which holds that in a law case the judgment of the trial court will be affirmed if the appellant's abstract fails to show that a motion for new trial was made and overruled.

The history and salutary effect of Rule 9 is set forth in *Thompson* v. *Dierks Lbr. & Coal Co.*, 208 Ark. 407, 186 S. W. 2d 426. The language of Mr. Justice HUMPHREYS in *Van Hoozer* v. *Hendricks, supra*, is applicable to the case at bar:

"The abstract presented by appellant fails to show that a motion for a new trial, embracing the assignments of error insisted upon, was filed and overruled by the

court. The abstract and brief make no reference whatever to the filing of a motion for a new trial in the lower court. Under rule 9 of this court, a judgment will be affirmed unless appellant's brief shows that a motion for a new trial was filed and overruled. The enforcement of this rule is necessary to the orderly and efficient dispatch of the business of this court. *Reeves* v. *City of Hot Springs,* 103 Ark. 430, 147 S. W. 445; *Love* v. *Cowger,* 130 Ark. 445, 197 S. W. 853.''

Appellee, by timely motion, called attention to the deficiency in appellants' abstract, and asked that the judgment of the trial court be affirmed under rule 12 of this court, which provides: ''If abstract and brief have not been filed by the appellant in accordance with Rules 9 and 10, when the case is called for trial, the appellee may have the appeal dismissed or the judgment affirmed 'as of course.'' This cause has been regularly reached for submission, and the deficiency in the abstract has not been supplied: so appellee is entitled to the enforcement of rule 12.

It is only fair to both sides to state that a majority of this court has reached the conclusion—from the abstract submitted by appellant—that the cause should also be affirmed on the merits, even if the deficiency in the abstract had been cured.

Affirmed.