HOWELL *v.* SIMPSON.

4-9138 228 S. W. 2d 41

Opinion delivered March 20, 1950.

Rehearing denied April 17, 1950.

*O. A. Featherston,* for appellant.

*Tom Kidd,* for appellee.

LEFLAR, J. This is a boundary line dispute. Plaintiffs Howell, husband and wife, own land immediately adjoining a 40-acre tract owned by defendant Simpson. Plaintiffs claim that by reason of adverse possession and long acquiescence their ownership extends on the west side to an old fence which has stood for many years on defendant Simpson's land. The Chancellor found that the true boundary was at the line fixed by the deeds under which both parties hold their titles, and not at the old fence. The plaintiffs appeal.

The dispute was brought to a head when defendant Gilmer, under directions from Simpson, cut the merchantable timber on the strip of land at the east edge of Simpson's forty acres, between the old fence and the line fixed by the deeds. The Howells sued for the value of the timber cut and for damage done to the fence, also to require restoration of the fence. Defendants' answer denied that plaintiffs had any title to the strip of land from which the timber was cut.

That Simpson has clear paper title to the strip is not denied. But plaintiffs and their deceased predeces-

sor in title, Pearlie Buster (father of plaintiff Mrs. Howell), have held possession of the strip for over thirty years. Buster himself had possession until 1941; plaintiffs' possession commenced in 1942 and continued for somewhat less than seven years prior to the present suit. If the successive possessions of Buster and the plaintiffs were adverse, title by adverse possession is in the plaintiffs now.

Defendants' contention is that Buster never claimed title to the strip in himself, but always held the view that he was occupying under the permission of the true owner. Defendants' principal evidence to this effect was the testimony of Alfred Featherston, who sold the land to Simpson. Featherston testified that Buster told him that he was not claiming the strip for himself, that he (Buster) wanted the fence moved over so that his stock could get water from a creek that was on Featherston's land, that Featherston gave permission for this, and that Buster executed an affidavit acknowledging Featherston's title (which affidavit was given in evidence.) Other witnesses, neighbors of Buster, testified that he had told them that he did not own the strip adjoining the creek, that he was allowed by the owner to occupy it so his stock could get to the water. One witness who had once cut timber on Buster's land testified that Buster told him not to cut trees from this strip because "that is the other man's land." It was on this evidence that the Chancellor held Buster's possession was permissive, not adverse. Evidence to the contrary was meager. The Chancellor's finding clearly was not contrary to the preponderance of the evidence. Under the facts found, no adverse possession by Buster could be established. *Dial v. Armstrong*, 195 Ark. 621, 113 S. W. 2d 503.

Plaintiffs argue that the witness Featherston should not have been allowed to testify because he was an interested party, being liable over on the covenants in his deed to defendant Simpson. The Schedule to the Arkansas Constitution of 1874, § 2, provides otherwise. Interest has long since ceased to render witnesses incompetent.

Plaintiffs also argue that the hearsay evidence concerning statements made by Pearlie Buster, their predecessor in title, was improperly admitted. "It is well settled that declarations and admissions of one in possession of land, relating to the title thereof and adverse to his interest, are admissible against him; and declarations and admissions of a person, made while in possession, adverse to his title, are admissible against his successors in interest and all who claim under him." *Russell* v. *Webb*, 96 Ark. 190, 195, 131 S. W. 456, 458. Also see *Britt* v. *Berry*, 133 Ark. 589, 202 S. W. 830. All the evidence recited above was properly before the court.

Since Buster did not maintain adverse possession of the strip of land in his lifetime, and since plaintiffs did not possess the land for the statutory seven years after they succeeded to Buster's title, defendant Simpson's paper title to the disputed strip remains valid. The decree of the Chancery Court is affirmed.