BURNS v. OWEN.

5-2656                                    357 S. W. 2d 520

Opinion delivered May 28, 1962.

*Holt, Park & Holt,* for appellant.

*Bruce T. Bullion,* for appellee.

JIM JOHNSON, Associate Justice.   This is a suit by appellants, B. M. Burns and his wife against appellees Wayne Owen and his wife seeking to quiet title in appellants to a strip of land here in controversy and further seeking to compel appellees to remove their fence from the property.

From a decree of the Chancery Court of Pulaski County dismissing appellants' complaint for want of equity, comes this appeal.

Appellant and his first wife, Beatrice, purchased the North 20 feet of Lot 22 and the South 15 feet of Lot 23,

Block 6, Ebendale Addition to the City of Little Rock on August 27, 1934, and immediately moved on to the property. Soon after moving on the property appellant planted an irregular strip of hedge running approximately East and West some twenty odd feet North of his house. In the vicinity of the West end of this so called hedgerow, appellant put up a dog pen, the North fence of which ran approximately in line with the hedge. Appellant Burns testified that he obtained the wire for the fence from the City Dump for $3.00 and just put it up to hold his dogs. There was evidence to the effect that at the time appellant moved on to the property a portion of the lot on which his house is located was washing away because of a huge ditch which ran through the land here in question. There was some evidence indicating that the fence and hedge were placed as they were to obstruct the flow from this ditch, in order to prevent further erosion of the soil from appellants' lot. This so called hedgerow and fence are admittedly located on Lot 24, Block 6, of the Ebendale Addition and the strip of land here in question is the space between the hedge and fence and a line approximately 3 or 4 feet North of appellants' house. This land includes the North 10 feet of Lot 23 and a part of Lot 24. In January of 1961, appellee purchased the said North 10 feet of lot 23 and all of Lot 24, Block 6, Ebendale Addition. On February 17, 1961, appellee advised appellants by mail of his purchase of this property and of his claim of ownership to the strip in dispute. It is undenied that thereupon appellant Mattie Burns offered to purchase the property from appellee. On March 28, 1961, appellee caused to be erected a chain link fence along the South boundary of the property he had bought.

On April 3, 1961, appellant filed suit to quiet title to the disputed property.

One of the witnesses upon whom appellant relied to sustain his contentions was Hannah Lewis.

After testifying extensively about the conditions surrounding the disputed property, based on 20 years of

living in this community, and visiting appellant Mattie Burns, Hannah on cross-examination testified as follows:

"Q. Now you said you were very familiar with the property?

"A. Yes, I know the property, I know Mattie, I am familiar with that part where Mattie lives.

"Q. That makes you familiar with the general neighborhood?

"A. Yes, I guess it does.

"Q. Is there any other vacant lot in that neighborhood?

"A. I don't know.

"Q. How many houses are on the West side of Gaines between 31st and 32nd? (Same block as the land here in question.)

"A. I don't know.

"Q. Is there any hedge in front of the house on the south of the Burns House?

"A. I don't know.

"Q. In the block immediately north of Mattie's house, how many houses are there?

"A. I don't know.

"Q. Are there any vacant lots in there?

"A. I don't know.

"Q. And you don't know of any other vacant property in that area?

"A. I don't know nothing but that lot on the side of Mattie, that is the only place I know of."

Since there is no dispute to the fact that the chain of title to the property in dispute is complete in the appellee, the appellants have never at any time held even color of title to the disputed property. Therefore, if the

appellants have any claim to this property it must be by adverse possession.

In the case of *Clem* v. *Mo. Pac. R. R. Co.*, 223 Ark. 887 (1954) this Court said:

"What is necessary to constitute adverse possession was announced by this Court in *Watson* v. *Hardin*, 97 Ark. 33, 132 S. W. 1002, as follows: 'It is well settled by the authorities that this possession must be actual, open, continuous, hostile, exclusive and be accompanied by an intent to hold adversely and in derogation of and not in conformity with the right of the true owner.' *McCulloch* v. *McCulloch*, 213 Ark. 1004, 214 S. W. 2d 209."

The burden was on the appellants to prove their claim of adverse possession by a preponderance of the evidence. *McConnell* v. *Day*, 61 Ark. 464, 33 S. W. 731, (1896); *Love* v. *Cowger*, 130 Ark. 445, 197 S. W. 853; *Gaither* v. *W. A. Gage and Co.*, 82 Ark. 51, 100 S. W. 80.

A large portion of the pertinent facts in this case are in hopeless conflict, suffice it to say. Appellants proved that they used certain portions of the land here in dispute from time to time but they have not proven to our satisfaction that such use was adverse. On the contrary, the weight of the evidence seems to support the fact that the land was held permissibly with knowledge on the part of the appellants, that the land was owned by another and that there was no intent to claim the disputed land as their own.

It follows, therefore, that the familiar rule, that the holding of the Chancellor will not be reversed unless it is against the preponderance of the evidence, applies here. *Harp* v. *Christian*, 215 Ark. 833, 223 S. W. 2d 778; *Howell* v. *Simpson*, 216 Ark. 873, 228 S. W. 2d 41; *Clem* v. *Mo. Pac. R. R. Co.*, *supra*. Accordingly the decree is affirmed.