Surridge v. State

5130                                                    393 S. W. 2d 246

Opinion Delivered May 31, 1965.

[Rehearing denied September 20, 1965.]

*John F. Gibson,* for appellant.

*Bruce Bennett,* Attorney General, By: *Clyde Calliotte,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. James Surridge appeals from a verdict and judgment finding him guilty of murder in the first degree and sentencing him to life imprisonment.

The decedent, Norman Dollar, owned a small motel which he occupied as his residence. On the morning of July 9, 1964, Dollar did not leave his room at his usual time. By early afternoon his employees became concerned about him and reported the matter to the McGehee chief of police. Officers broke into Dollar's room and found his dead body lying upon a bed. He had been shot in the back of the head with a shotgun. The coroner estimated that the crime had been committed in the early morning hours.

In attempting to establish Surridge's guilt the State offered proof that Surridge had been negotiating with Dollar for the purchase of the motel and had spent the night of July 7 there. It was shown that on the evening of July 8 Surridge borrowed a shotgun for the asserted purpose of killing a deer, although the deer-hunting season was not open. The man who lent Surridge the gun testified that after the murder was discovered Surridge said to him, "I know they are going to question me . . . don't say nothing about that gun." Surridge's fingerprints were proved to have been upon an empty beer bottle that was on a table in Dollar's room when his body was discovered. Surridge refrained from testifying, as of course he was privileged to do.

Much of the appellant's brief is. devoted to the contention that the State's proof was not sufficient to present a *prima facie* case for submission to the jury. We are of the opinion that the testimony is sufficient to support the verdict. We need not, however, discuss this point in detail, for the insufficiency of the evidence was not carried forward as an assignment in the motion for a new trial and is therefore not available to the appellant

as a ground for reversal. *Decker* v. *State,* 234 Ark. 518, 353 S. W. 2d 168 (1962); *Crouch* v. *Gilbert,* 210 Ark. 885, 198 S. W. 2d 72 (1946). The appellant is not entitled to rely upon the statutory rule that an objection alone is sufficient in a capital case, for although charged with a capital offense, he was sentenced to life imprisonment only. *Hicks* v. *State,* 225 Ark. 916, 287 S. W. 2d 12 (1956).

The defense offered two witnesses whose testimony tended to establish an alibi, by indicating that the accused was not at Dollar's motel on the night of his death. Counsel now complain of an instruction by which the court told the jury that they should scrutinize the testimony of the (alibi) witnesses to see if they might or might not be mistaken about dates and times, and, further, that it was proper for the jury to consider the lapse of time since the occurrence happened and whether witnesses were or were not likely after such a lapse of time to be accurate about the precise time or hour they saw the accused. In *Ware* v. *State,* 59 Ark. 379, 27 S. W. 485 (1894), an instruction in all material respects indentical to the one now complained of was approved, in the face of the same objections now being made. Later cases have approved and followed the *Ware* decision. Thus the present argument is without merit.

Counsel properly preserved an objection to a statement by the witness Gershner, a police officer, that there were at police headquarters specimens of Surridge's fingerprints in addition to those submitted for comparison in this particular case. We discern no prejudicial error, not only because the witness's statement was invited by a question put by defense counsel but also because the court promptly admonished the jury not to consider the statement for any purpose. If the witness's remark was in fact prejudicial we think it was plainly of the type susceptible of being effectively cured by the court's admonition.

There is no reversible error in the record.

Affirmed.