## RAILWAY V. HUNT.

RAILROADS:    *Condemning right of way: Damage to farm.*

In a proceeding by a railroad company to condemn a right of way, the assessment of damages is not necessarily restricted to the injury done to the legal sub-division of land described in the petition. If the tract described is part of a larger connected body of land, the owner may recover for the injury done to the tract as a whole. And where the tract traversed by the road is part of a farm, its use as such is notice to the company that an injury to it impairs the value of the whole farm, and therefore no answer claiming compensation for damage to the residue of the farm is necessary in order to apprise the company of what it is expected to pay for.

APPEAL from *Washington* Circuit Court.

J. M. PITTMAN, Judge.

The Fayetteville and Little Rock Railway Company filed its petition against Thomas J. Hunt to condemn as a right of way a strip of ground one hundred feet in width through a forty acre tract of Hunt's lands. The defendant filed no answer. The tract described in the plaintiff's petition was unfenced timbered land, but it was one of several adjoining tracts belonging to the defendant, embracing a farm on which he resided, and the court below admitted evidence to show the damages to the entire property which would result from the construction and operation of the road through the tract across which it was located.

*B. R. Davidson, E. D. Kenna* and *E. C. O'Day*, for appellant.

1.  It was error to allow an assessment of damages for injury to lands not embraced in the petition. If defendant desired to claim damages to land not so described, he should have filed an answer setting up such claim.  90 Ill., 316; Wood Ry. Law, 934; Mills Em. Dom., p. 167; 44 Ark., 261; 45 Id., 278; 41 Id., 433.

2.  No damages should have been allowed for injury to lands other than the tract through which the railway ran. See 15 Minn., 230; 6 Hun., (N. Y.) 146; Wood on Railroads, p. 934; 103 Mass., 10; Mills on Em. Dom., sec. 167.

3.  Extra fencing is not an element of damages when condemning unfenced woodland.  Wood on Railroads, p. 917; 74 N. C., 220.

*J. D. Walker*, for appellee.

COCKRILL, C. J.

In a proceeding by a railway to condemn a right of way, the assessment of damages is not necessarily restricted to the injury done to the legal sub-division of land described in the

Railway v. Hunt.

RAILROADS:
Right of
way: Damage to farm.
petition. If the tract described is a part of a larger connected body of land, the owner may recover for the injury done to the tract as a whole. If the tract traversed by the road is part of a farm, its use as such is notice to the company that an injury to a part impairs the value of the whole, for the farm is a unit. It is not necessary, therefore, in such a case, that the owner should file an answer claiming compensation for the damages done to the residue of the tract in order to apprise the company what it is expected to pay for. *Railway v. Doran*, 15 Minn., 235; *Hartshorn v. Ry.*, 63 Ia., 397. It is incumbent upon the company to pay for the direct injury caused by the building of the road; the statute imposes upon it the duty of filing a petition to adjust the damages, and when it inaugurates the statutory proceeding, the presumption is that it will perform its whole duty, and there is no necessity for an answer by the land owner, unless for the purpose of claiming special damages which were not in contemplation on filing the petition. *Railway v. Stroud*, 45 Ark., 278.

In this case the tract over which the road was located and which alone was described in the complaint, was unfenced woodland, but the proof shows that it adjoined and was a part of the owner's farm, and there was no pretence at the trial that the company was taken by surprise at the claim for damages to the residue of the tract, and no specific objection was made on that account. It cannot avail now.

The court's charge limited the jury to the consideration of such elements of damage as it has been frequently determined by this court, may be taken into account, and is not as broad as counsel for the appellant appear to apprehend.

The verdict appears to be a liberal award for the injury sustained, but it is within the range of the proof, and was

satisfactory to the trial judge, whose opportunities for determining its fairness were better than ours. We will not disturb it.

Affirm.