McKENNON v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered February 23, 1901.

1. RAILROAD—WRONGFUL APPROPRIATION OF LAND—REMEDY OF OWNER.—Where a railroad company wrongfully appropriated for its use land within the limits of its right of way as defined by the statute, the owner cannot recover in ejectment, the remedy of an action for damages provided by the statute (Sand. & H. Dig., § 2734) being exclusive. (Page 106.)

2. SAME—POWER TO CONDEMN.—Whether land appropriated by a railroad company within the limits of its right of way was necessary to the proper use and operation of its road is a matter to be determined by the railroad company. (Page 108.)

3. SAME—APPROPRIATION OF EXCESS—REMEDY.—Where a railroad company wrongfully appropriates land for its right of way more than six rods in width, as authorized by Sand. & H. Dig., § 6175, the owner can recover the excess in ejectment. (Page 108.)

Appeal from Johnson Circuit Court.

WILLIAM L. MOOSE, Judge.

STATEMENT BY THE COURT.

On the 8th day of August, 1898, appellant filed his complaint in the Johnson circuit court against appellee, alleging, in substance, that he is the owner and entitled to the possession of land twenty-five feet in width on each side of the right of way of the Little Rock & Fort Smith Railroad, passing through the southeast quarter of the northeast quarter, section 7, township 9 north, range 23 west, of which appellees are in the wrongful and unlawful possession, and prays a recovery of said lands and damages, and states in the complaint his chain of title. At the May term of this court, 1899, a trial was had without answer, it being agreed and understood that the same might be filed after the trial, the purport of it being at the time stated; and now, it not having been filed and not appearing in the transcript, it is agreed that it may be filed here, and treated as a part of the transcript. This answer says that the strips of land sought to be recovered are a portion of its right of way in Johnson county, Arkansas, and that appellees have been using said strips of land as a portion of its right of way for more than twenty years; and that early in the year 1893, at a time when appellees were enclosing their right of way through that portion of Johnson county where these lands and other contiguous lands lie, they enclosed these two strips of land as a portion of their right of way; and that since that time appellees have maintained these strips of land, along with other lands, as a portion of its right of way; that said strips are absolutely necessary to the complete and successful operation of its line of road, and are necessary to give them the right of way authorized by the statutes of the state; and that they knew of no adverse claim of appellant to said strips until the suit was brought. The answer further says appellant is pro-hibited from maintaining his action in ejectment to recover these lands by the laws of this state. On the trial A. M. McKennon testified as follows: "I am the plaintiff in this action, and the owner of the land for the recovery of which this action is brought. I bought the same from E. T. McConnell on the 31st day of March, 1893. The lands lie near the railroad track, and were enclosed by defendant some time during the month of June, 1893. The railroad company's right of way through the forty-acre tract of which this land is a part is only fifty feet in width, the land sued for being two tracts or parcels lying adjoining said right of way on either side, each tract being twenty-five feet in width. The for-

mer owners of the land had cultivated up to defendant's right of way. While owned by E. T. McConnell, who was defendant's land agent, he cultivated it up to a ditch at the foot of the dump of the roadbed. The right of way of defendant along the track is 100 feet on the lands adjoining the tract in controversy, and when defendant fenced in the road the fence was made the same distance from the track on my land that it was where defendant had a 100 foot right of way; and this is the only use to which the land in controversy has been put by defendant. The rental value of this land is four dollars per acre per year. Estimating the damages in this way, I have been damaged in the sum of eighteen dollars for the last three years, there being an acre and a little more than a half of the land." He then read his title deeds. This was all the evidence in the cause.

The court, upon motion of appellee, instructed the jury to find a verdict for it, to which appellant at the time excepted. After verdict appellant filed his motion for new trial, setting up as ground that the verdict is contrary to law, contrary to the evidence, and that the court erred in instructing the jury to find for the defendant, which motion the court overruled, and appellant excepted, prayed an appeal to the supreme court, which was granted, and subsequently filed bill of exceptions, time having been given him; and now, since his case is here, the foregoing is a correct statement of it.

*J. E. Cravens,* for appellant.

Appellee, having already condemned land for its right of way, is bound by its election. 23 Am. & Eng. R. Cas. 72.

*Dodge & Johnson* and *Oscar L. Miles,* for appellee.

Since the passage of the act of April 11, 1893, ejectment will not lie for the recovery of land appropriated for a right of way by a railroad company. *Cf.* 31 Ark. 508. Under the law of this state, appellant is estopped to maintain ejectment for this portion of defendant's right of way, even though ejectment were a proper remedy. 51 Ark. 265; 51 Ark. 500.

HUGHES, J., (after stating the facts.) It seems that the appellee, the railroad company, without seeking to purchase or have the land in controversy condemned for the purpose of enlarging its right of way, wrongfully, and without pursuing the method prescribed by the statute to obtain this land as an addition to its

right of way, entered upon it, and enclosed it with a fence, and thus appropriated it to the use of the railroad company as a part of its right of way. The appellant might have prevented this action, upon the part of the railroad by suing out an injunction, as the law provides that "private property shall not be taken, appropriated, or damaged for public use, without just compensation therefor made." Sec. 22, art. 2, of the Constitution of 1874. *Organ* v. *M. & L. R. R. Co.* 57 Ark. 255. The statute provides (subdivision 3, section 6175, Sandels & Hill's Digest) that the railroad company shall have power "to purchase, and by voluntary grants and donations receive and take, and by its officers, engineers, surveyors and agents enter upon and take possession of and hold and use, such lands and real estate and other property as may be necessary for the construction and maintenance of its roadbed and stations and other accommodations necessary to accomplish the object for which the corporation is created; but not until the compensation to be made therefor, as agreed upon by the parties, or ascertained as hereinafter provided, be paid to the owner or owners thereof, or deposited as hereinafter directed, unless the consent of such owner be given to enter into possession." It is not contended that the statute was complied with. But if the railroad had taken and appropriated what it needed for its right of way, within the limits of the statute fixing the right of way at six rods (subdivision 4, section 6175, Sandels & Hill's Digest) could ejectment be maintained for the land taken and appropriated to use for its right of way? We think the question is settled by the statute. Section 2734 (act approved April 11, 1893): "Whenever any corporation authorized by law to appropriate private property for its use shall have entered upon and appropriated any property, real or personal, the owner of such property shall have the right to bring an action against such corporation in the circuit court of the county in which said property is situated for damages for such appropriation at any time before an action at law or in equity for the recovery of the property so taken, or compensation therefor, would be barred by the statutes of limitations." We understand that when property is taken by a railroad company within the limits of its right of way as defined by the statute, and appropriated for its use and its right of way, it becomes such, and cannot be recovered in ejectment, though the owner may recover damages under the above statute; and the remedy provided by the statute is exclusive. *Cairo & Fulton Railroad Co.* v *Tur-*

*ner,* 31 Ark. 494. This property was fenced as part of the right of way of the railroad 10th of June, 1893, and this suit was brought the 8th of August, 1898. So it seems that between these dates, a period of over 5 years, no action was taken to restrain the railroad company from the use of this land, which they had appropriated for their right of way.

Whether this land so taken and appropriated by the company was necessary to the proper use and operation of their road was a matter to be determined by the company, as we understand— within the limits of the right of way, six rods wide, as defined by the statute. *Croley* v. *St. L. & S. W. Ry. Co.,* 56 S. W. Rep. 615; *Railway Co.* v. *Petty,* 57 Ark. 359.

We think the above quoted section of the statute (2734), in connection with sections 2735 and 2736, pretty clearly shows that in such a case as this the remedy of the appellee is a suit for damages, and not ejectment for the land. Section 2735 is as follows: "The measure of recovery in such action shall be the same as that governing proceedings by corporations for the condemnation of property." Section 2736. "Proceedings instituted under this act shall be governed by the rules of pleading and practice prescribed for the government of proceedings in the circuit court. The defendant shall have the right to bring in all parties having or claiming an interest in the property in controversy, and the court shall make the proper orders of the distribution of the compensation recovered in the action among such parties as may be entitled thereto, and shall include in the judgment in said proceedings an order condemning said property for the public use to which it may have been appropriated." But it appears in this case that the railroad company took one foot over six rods of the land they enclosed and appropriated. This was one foot more than they were authorized by the statute to take, the width of their right of way being defined by the statute as six rods, or ninety-nine feet.

For this reason the judgment in this case is reversed, and the cause is remanded for further proceedings.

BATTLE, J., dissents.