ARKANSAS CENTRAL RAILROAD COMPANY *v.* SMITH.

Opinion delivered January 17, 1903.

1. CONTRACT—DEPOT.—Where land was conveyed to a railroad company in consideration of a depot at a certain place, and the company established a side track and usual stopping place there, but erected no building for the protection and convenience of passengers and shippers, the grantor is entitled to recover the value of the land taken for right of way. (Page 190.)

2. EMINENT DOMAIN—DAMAGES.—In an action to recover damages for the taking of a right of way, the jury may include damages to plaintiff's land caused by a pond made thereon in the construction of the road, although the complaint alleged no special damages on that score. (Page 191.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

J. H. Smith was the owner of a tract of land in Sebastian county, across which the Arkansas Central Railroad Company desired a right of way. On the 31st of July, 1897, Smith and his wife executed a deed conveying a right of way to the company. This deed recites "That for and in consideration of a depot at Spring Hill or in the vicinity, by December, 1898, otherwise this deed is to be null and void, we, Johnson H. Smith and Willie G. Smith, his wife, have granted, bargained and sold, and by these presents hereby grant, bargain, sell and convey unto the Arkansas Central Railroad Company, its successors, the following described real estate for right of way for its proposed railroad." Then follows a description of the land conveyed and other formal parts of the deed not material to be set out here. The railroad was constructed as proposed, and the company established a usual stopping place for trains at or near Spring Hill, which is a small hamlet with only one or two stores, but erected no depot building or plat-

form there, and kept no agent there to receive freight or sell tickets. It built a side track there, and has continued to receive passengers and freight.

Afterwards Smith brought this action to recover five hundred dollars damages for the right of way, alleging that defendant had failed to erect the depot as required in the deed. On the trial there was a verdict and judgment in favor of plaintiff for the sum of $250, from which the company appealed.

*Oscar L. Miles,* for appellant.

The deed shows no condition, but a consideration which has been performed. 45 N. Y. 514; 7 Wall. 290; 43 Ia. 498; 29 Ia. 255; 59 Ark. 65; 8 Blackf. 290; 16 Pa. St. 140; 96 Mo. 174; 89 Ind. 375.

*Hill & Brizzolara,* for appellee.

Spring Hill was not a railroad station. 64 N. H. 596; 35 Am. & Eng. R. Cas. 529; 40 Am. & Eng. R. Cas. 18; 133 Ind. 69; 33 S. W. 939; 140 U. S. 304; 25 Grant Ch. (U C.) 64; 20 *Id.* 16. Whether the condition in the deed was a subsequent or precedent one makes no difference. 3 Ark. 252; 26 Ark. 617; 28 Ark. 48; 59 Ark. 66; 55 Ark. 360; 152 U. S. 444; Rapalje & Mack, Ry. Law, 472-6; 1 Jones, Real Prop. §§ 715-18; 2 Pin. Real Est. §§ 736-746. It was proper to recover damages in this action. 44 Ark. 258, 360; 54 Ark. 140.

RIDDICK, J., (after stating the facts.) The main question presented in this case is whether the defendant company has complied with the contract in reference to placing a depot at Spring Hill. If it has not done so, the plaintiff is entitled to his judgment. Now, it is a little difficult to determine exactly what was meant by the expression for and in consideration "of a depot at Spring Hill" found in the deed, for the term "depot" may mean one thing or another, under different circumstances. It may mean a house for the storage of freight and the accommodation of passengers, or it may mean a place where railroad trains regularly come to a stop for the convenience of passengers and for the purpose of receiving and discharging freight, or may include all of these things. Its meaning

must be determined in each instance from the contract and the circumstances under which it is used.

Though we feel some doubt about the matter, yet, after considering the evidence, we are of the opinion that the consideration recited in the deed called for something more than a mere stopping place where passengers and freight were received and discharged. The term "depot" usually includes not only the idea of stopping place, but also that of a building or something of the kind for protection and convenience of passengers and freight. Cent. Dict., Webster's Dict.

We think that was the meaning of the term as used in this deed, and that plaintiff was entitled to damages for the right of way.

There were several other exceptions to rulings of the trial judge but the only other question presented by the brief of counsel for the company is whether it was proper for the jury to consider the fact that a pond of water was made on the land by the construction of the railroad. Counsel for the company say that, if the pond was left upon the premises by the improper construction of the road, this would be an element of special damages, which could not be proved in this action, for the reason that there was no allegation to that effect, and no notice to the defendant of such a claim. This contention must be overruled, for, in the first place, there is no evidence, and no contention, that the road was improperly constructed. The mere fact that the excavation of earth for the roadbed left a pond of water does not necessarily show that the road was improperly constructed. But, even if it did, it would make no difference, for the road had already been constructed at the time of the trial, and it was for the jury to consider the state of facts then existing, and, with the light afforded by the actual construction of the road, determine what the damages were. *Springfield & Memphis Railway* v. *Rhea,* 44 Ark. 258; *Springfield & M. Ry. Co.* v. *Henry,* 44 Ark. 360; *Newgass* v. *Railway Co.,* 54 Ark. 140.

The pond was caused by the construction of the road, and, as it may have affected the value of the land of plaintiff through which the road was constructed, we think that plaintiff had the right to show this to the jury as one of the facts in the case. On the whole case, we think the judgment should be affirmed, and it is so ordered.