MILLER LEVEE DISTRICT No. 2 *v*. WRIGHT.

4-4876

Opinion delivered December 20, 1937.

*Henry Moore, Jr.,* for appellants.

*L. K. Person,* for appellee.

MEHAFFY, J. The Levee District No. 2, involved in this suit is an additional or new levee and, as appellant says, in building said new loop levee, a strip of land belonging to the appellee, Wright, was taken, and suit was brought by appellee, alleging that the means of ingress and egress to his property had been injured because of the building of the new loop, and that it lies between his property and the town of Garland. This suit was brought to recover damages caused to appellee's property by building the new loop. The jury returned three verdicts. The undisputed evidence shows that the levee district took 1/20 of an acre of his land and the jury returned a verdict for the land taken, of $7.50. They also returned a special verdict for the damages caused to appellee from inconvenience in crossing the levee, in the amount of $375, and also $375 suffered from interference with the natural drainage. The evidence showed that appellee had 5½ acres of land for which he gave $900, that he built a house for which he paid $1,500, and that he built a residence for his son at a cost of $700. The evidence showed that the

crossings were bad and that the drainage consisted of barrow pits, and the appellant's witnesses testified that they were large barrow pits, and all of the evidence shows that they held water, and, instead of draining the land, the water in the barrow pits would breed mosquitoes, and would be an actual damage to the land, instead of draining it properly. There was some conflict in the evidence and we do not deem it necessary to set it out in detail. There was a judgment for the amount found by the jury, and the case is here on appeal.

Appellant contends that the elements of damage and the amount of damage suffered by the appellee, if any, are those set forth in act 53 of the Acts of 1905, now appearing as §§ 3933 to 3942 of Crawford & Moses' Digest, § 3933 being now § 4934 of Pope's Digest. It is the contention of the appellant that these sections limit the right of recovery of the landowner to the market value of the land taken and to the damages caused by inconvenience of the crossing and damages sustained on account of obstruction of natural drainage, and that no other elements of damage are recoverable, and it, therefore, objects to instruction No. 1 given at the request of appellee. That instruction reads as follows: "You are instructed that if you find from a preponderance of the evidence that the remaining lands of the plaintiff have been damaged by reason of the levee, then you will find for the plaintiff in whatever sum, if any, you find from a preponderance of the evidence the remaining lands have been so damaged, taking into consideration the construction of the levee and the means provided for crossing same."

It states that this instruction was directly contrary to instruction No. 1, given on behalf of the appellant, and that it gives the elements of damage. No. 1, requested by appellant and given by the court, is as follows: "The jury is instructed that in determining the loss the plaintiff has sustained from the taking of the right-of-way over his land for levee purposes, you can take into consideration only the following three elements of damage:
"1. Market value of the land taken for levee purposes at the time said land was taken for construction of the

levee; 2. Such damages as may be sustained by inconvenience of crossing the levee, but the jury is further instructed that in arriving at your verdict, you should take into consideration the convenience of the crossings built over the levee so plaintiff can cross said levee; 3. Damage sustained on account of obstruction of natural drainage of land across which the levee has been built, if any, but you are further instructed that the amount of damages you can allow for obstruction of natural drainage cannot exceed the cost of the construction of artificial drainage of said land.''

It is stated that the constitutionality of the method provided in act 53 has been repeatedly upheld. It is true that the court has time and again said that the procedure provided by the act was constitutional because it included all elements of damage. We do not review these authorities because they hold in effect that no one has a vested right in any given mode of procedure, and that all that the landowner may require is that a form of procedure may be given him with a right of review in the courts, and that a reasonable and adequate means of payment for the property taken shall be provided.

The conflict between instruction No. 1, given at the request of the appellant, and instruction No. 1, given at the request of the appellee, consists in the fact that the instruction given at the request of appellant does not contain all the elements of damages. It limits appellee's right to recover to three elements of damages; first, the market value of the land actually taken; second, such damages as are sustained by inconvenience of crossing the levee, and, third, damages on account of obstruction of drainage. This instruction, given at the request of the appellant, was erroneous in thus limiting the items for which recovery could be had.

Section 4942 of Pope's Digest reads as follows: ''The recovery of damages on account of the construction or maintenance of levees or drains shall be limited and confined to the elements of damage mentioned and provided for in this act, and all lands bordering upon and near the Mississippi River shall be subject to public servitude, except as herein provided, and neither the owner nor owners

thereof shall recover any other compensation or damages for the appropriation of any lands, and the construction and maintenance of levees or drains thereon, than is herein provided.''

Appellee's instruction was correct, and the appellant cannot complain of a conflict when the conflict was because of an erroneous instruction given at its request.

That section is a part of act 53 of the Acts of 1905, but another part of the same act, § 3, provides that the landowner may recover the value of the land appropriated for the obstruction of natural drainage, for the damage occasioned by the inconvenience of crossing the levee, ditch, canal or drain, the value of any crop and houses on the right-of-way, or the cost of removing the same. According to the contention of appellant, the landowner could not recover for damage to crops. He could not recover for any damage to his house, if it were injured or destroyed, and § 4936 of Pope's Digest expressly provides that he may recover for these damages. It will be observed, also, that § 4942 limits the recovery of damages to the elements mentioned and provided for in this act, and not as provided for in the preceding sections. It is clearly provided in the act that he may recover for any damage to his crops or house, and if it did not contain this it would be violating the constitutional provision in § 22 of Art. II, which reads: ''The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor.''

The correct rule is stated in the case of *Keith* v. *Drainage District No. 7 of Poinsett County*, 183 Ark. 384, 36 S. W. 2d 59, as follows: ''The rule was expressly approved in *Hogge* v. *Drainage Dist. No. 7, supra,* and finds support in many of our decisions and in the great weight of authority. In fact, it is recognized by the very language of our Constitution, which provides not only that private property may not be taken for public use, but also that it may not be damaged without just compensation. Therefore, when there is any invasion of private property by lawful authority for a public use and the property is damaged thereby, there is a taking within

the meaning of our law, and where the damage is such as to deprive the owner of the beneficial use of his property, he may require that its value be paid him."

There is nothing in act 53, *supra,* that contradicts this rule. If it did contain such language, it would be in conflict with the Constitution and there is nothing in the authorities cited by appellant that is in conflict with this rule. Under the Constitution, one's property cannot be taken for public use or damaged or appropriated without just compensation and to say that building a levee entirely around one's home does not damage it, will not be contended.

It is next contended that appellee has suffered no damages from inconvenience in crossing the levee other than the damages suffered by the general public who must cross said levee. Appellee's home is entirely surrounded by the levee. He must cross whether the crossings are good or bad, and, without setting out the evidence in detail, we are of the opinion that it is sufficient to justify the verdict of the jury as to the amount of damages on this item.

It is then contended that there is no evidence to support the verdict for the sum of $375, for injury to the drainage. As we have already said, the drainage consists of large barrow pits that hold the water, and we think the evidence is ample to sustain the amount of the verdict on this item. In addition to that, the appellee, as we have already said, had a right to recover for any damage caused to his home by reason of the building of this loop. The evidence shows that it has entirely cut off his view from the town of Garland. Everyone must agree that to surround one's home with a levee like this necessarily damages it. At any rate, the evidence in this case shows that appellee has been damaged in this manner. The elements of damage set out in § 4942 of Pope's Digest, as construed by appellant, does not contain all of the elements of damage for which the levee district is liable. These sections have been construed many times and we do not deem it necessary to review the authorities. Our conclusion is that the damages awarded were not excessive and might even have been for a larger amount.

We find no error, and the judgment is affirmed.