URBAN RENEWAL AGENCY OF HARRISON *v.* HEFLEY.

5-3056                            371 S. W. 2d 141

Opinion delivered October 14, 1963.

40

W. S. Walker and Bill F. Doshier, for appellant.

John H. Shouse, J. Loyd Shouse and Eugene W. Moore, for appellee.

GEORGE ROSE SMITH, J. By this eminent domain proceeding the appellant is acquiring four tracts of land in Harrison. The jury valued the tracts at a total of $78,000, which was somewhat higher than their worth as fixed by the condemnor's witnesses and somewhat lower than that fixed by witnesses for the owners.

Near the end of the trial the condemnor offered in evidence a county court order, entered in 1930, which purported to create a highway right-of-way across one of the tracts. The purpose of the offer was to show that the value of the tract was reduced by reason of the existence of the easement. The trial court excluded the proffered exhibit on the ground that no such easement had been mentioned in the pleadings.

This ruling was correct. Written pleadings are required so that each party may know what issues are to be tried and may thus be in a position to enter the trial with his proof in readiness. *Bachus* v. *Bachus,* 216 Ark. 802, 227 S. W. 2d 439. A failure to plead a material matter is prejudicial to the opposing party if it puts him at an unnecessary disadvantage in the presentation of his case.

That was the situation here. County court orders such as this one are entitled to a presumption of validity. *Bollinger* v. *Ark. State Highway Comm.,* 229 Ark. 53, 315

S. W. 2d 889. Nevertheless we know that in a great many instances the order can be successfully attacked by the landowner. One common defect, mentioned in the *Bollinger* opinion and in counsel's objections below, is the county court's not having been legally in session upon the date of the entry of the order. Another is the fact, referred to in many of our decisions, that the enabling statute is defective in failing to provide for notice to the landowner, so that the order becomes valid only when actual notice is given, as by an entry upon the land. See *Miller County* v. *Beasley,* 203 Ark. 370, 156 S. W. 2d 791; *Ark. State Highway Comn.* v. *Dobbs,* 232 Ark. 541, 340 S. W. 2d 283; *Ark. State Highway Comn.* v. *Cook,* 233 Ark. 534, 345 S. W. 2d 632.

It is fair to suppose that the owners of the tract now in question may have been able to produce proof that the county court order was void. They were caught by surprise, however, because the existence of the asserted right-of-way was not mentioned in the condemnor's pleadings. To the contrary, the complaint alleged, that the tract was owned by Hefley and his wife, and the parties stipulated that the allegations of ownership were correct. There was nothing in the pleadings to warn the Hefleys that the condemnor was relying upon the easement supposedly created in 1930. It would not be fair to permit the plaintiff to profit by the *prima facie* validity of the county court order without affording the landowners an opportunity to challenge it. We think the trial court acted within its sound discretion in refusing to allow the order to be received in evidence.

The appellant's other arguments have to do with the admissibility of evidence. Counsel summarizes fourteen instances in which it is said that improper proof was introduced by the landowners. In six of these instances, however, there was no objection to the testimony. In four others there was a motion to strike all of the particular witness's testimony. In each of these four cases at least part of the witness's evidence was admissible; so the motion to strike was correctly denied. *St. Louis, I. M. & S. Ry.* v. *Taylor,* 87 Ark. 331, 112 S. W. 745.

We find no prejudicial error in the other four instances. The witness Saunders, a real estate dealer, was familiar with one of the tracts, but at first he did not know exactly what part of it was being taken. To meet this difficulty his testimony was interrupted to allow another witness to explain that a certain number of acres were being taken. It was then proper for Saunders to state a per acre value for the land.

The testimony of Carr, another real estate dealer, is challenged on the ground that he gave no basis for his expert opinion. As we pointed out in *Ark. State Highway Comn. v. Johns,* 236 Ark. 585, 367 S. W. 2d 436, that opinion was admissible on direct examination. Counsel might have attempted to discredit the witness by showing through cross examination that he had no reasonable basis for his conclusions, but no such effort was made.

Hosea Hefley, in giving his opinion about the value of one tract, was allowed to detail the materials that had gone into the construction of a building upon the property. He did not try to set forth the cost of the materials. This proof was perhaps more detailed than it needed to be, but there was no real objection to the witness's being permitted to describe the improvements in this way and thereby to explain factors that he had considered in forming his opinion about the fair value of the property.

We find no merit in the other objections that were made to the testimony.

Affirmed.