# ARKANSAS STATE HIGHWAY COMMISSION
## *v.* TOMMY LEWIS ET AL

5-4268                                              422 S. W. 2d 866

Opinion delivered January 22, 1968

*John R. Thompson* and *Joe T. Gunter,* for appellant.

*Guy H. Jones* and *Clark, Clark & Clark,* for appellees.

LYLE BROWN, Justice. Mr. and Mrs. Tommy Lewis, appellees, own a 320-acre tract of land which abuts the industrial park of Conway, Arkansas, on two sides. Seventy-nine acres of that tract were condemned by appel-

lee, Arkansas State Highway Commission, for the construction of Interstate Highway No. 40. I-40 runs approximately north and south through the entire acreage. The landowners were awarded a substantial verdict but the amount is not here questioned. The Commission seeks a reversal because of five alleged procedural errors. Those points will be numbered, italicized, and discussed in sequence.

1. *The trial court erred in refusing to strike the testimony of appellees' expert witness, C. V. Barnes, relating to damages to 95 acres of appellees' land east of Interstate 40.* Appellees' land prior to the taking consisted of an integral tract. The taking resulted in a division of the single tract into three parcels. In the northwest corner, adjacent to the Conway Industrial Park, is 6.6 acres left isolated from the balance. To the southwest, and adjoining the park area, is a tract of approximately 143 acres. On the east side of Interstate 40 is a tract consisting of 95 acres. Barnes testified that the latter tract was "severed" by the highway; that its division had destroyed that tract's value for industrial use; railroad and other utility service would no longer be available for that tract; that its highest and best use was reduced to agricultural purposes. The change in the "use" classification, according to Barnes, resulted in a considerable reduction in market value of the 95-acre tract.

The highway department objected to the testimony on the ground that Barnes was testifying to an element of "special damages" and those damages had not been pleaded. Insofar as damages are concerned, an answer is not required in eminent domain proceedings unless the landowner expects to claim special damages. *Railway v. Hunt*, 51 Ark. 330, 11 S. W. 418 (1888).

When the integrity of an individual tract as a unit is diminished by partial taking it is fundamental that the diminution is a proper element for consideration in ascertaining just compensation. It is commonly

referred to as "severance damages." *United States* v. 26.81 *Acres of Land,* 244 F. Supp. 831 (1965). The partial taking of an integral unit would logically put a condemnor on notice that an injury to the whole may well be contemplated. *Railway* v. *Hunt, supra.* It is a guide commonly used by appraisers in determining "before and after values." *Young* v. *Arkansas State Highway Comm'n.,* 242 Ark. 812, 415 S. W. 2d 575 (1967).

We conclude that where the condemnation involves the partial taking of an integral unit of land the diminution in value of the residual is not to be classified as "special damages."

The Highway Commission cites one authority to support its theory. That is *Bradley* v. *Keith,* 229 Ark. 326, 315 S. W. 2d 13 (1958). Both Bradley and Keith claimed title to the same tract of condemned property. At a preliminary hearing, with all parties present, the value of the land was stipulated. The money was placed in the court registry to be held subject to a determination of ownership. The cause was placed on the regular docket. Only Bradley filed a pleading. Keith did not appear for a hearing of the matter on its merits. The court ruled that Keith was entitled to reimbursement for the cost of his tax deed and Bradley was awarded the balance. Keith later persuaded the court to set aside the judgment for unavoidable casualty. This court held that in an eminent domain proceeding in which two parties are contesting for the title to the condemned property, it is necessary that both parties set forth their contentions in the form of a timely answer. An excerpt from American Jurisprudence was cited merely to show that there are some exceptions to the general rule that a landowner is not required to file an answer in a condemnation proceeding.

II. *The trial court erred in refusing to grant appellant a continuance of one week on the basis of surprise.* Appellant moved for a continuance of one week on the ground that it was surprised by the "special dam-

ages'' testimony of C. V. Barnes. We know of no reason why appellants should not have logically anticipated Barnes' testimony and have prepared itself to rebut it. Moreover, the trial court did stop the trial and recess from Monday until the following Wednesday. When the trial resumed, appellant produced three appraisers. Part of the testimony of each of those appraisers was in refutation of Barnes' evidence of diminution in value of the 95-acre tract.

III. *It was error to allow the landowners to amend their answer after the trial began and in refusing appellant's motion for a continuance to respond to appellees' amended pleadings.* These salient facts are fatal to appellant's contentions:

1. The amended answer is not abstracted; appellant's brief does not even give a transcript page-reference to the amendment; it is not indexed in the transcript.

2. Appellant's motion for a continuance is not abstracted; if any proof was offered in support of the motion it is buried in a transcript consisting of 674 pages; it is not listed in the transcript index.

This court has on innumerable occasions cited the importance of compliance with Rule 9 (d) pertaining to the necessity of abstracting the record. As the work of the court continues to rise in volume, the need for abstracting the one record (transcript) that is filed here increases in significance. Point III will not be considered.

IV. *The trial court erred in overruling appellant's motion for a mistrial.* No such motion is abstracted. An argument consisting of one sentence appears in appellant's brief. The argument makes no transcript reference.

V. *On motion of appellant, the trial court should have disqualified himself and quashed the jury panel.*

Again, no such motion is abstracted. Six pages of appellant's brief are devoted to argument on the point. Neither the abstract nor the argument contains a single reference to any testimony in support of the point. The contention must meet the same fate as Points III and IV.