ARK. STATE HWY. COMM. v. CARL SCHMOLL ET AL

5-4609                                              430 S.W. 2d 852

Opinion delivered September 3, 1968

[Rehearing denied October 7, 1968.]

---

⁺This was done.

22

*Thomas B. Keys & James K. Biddle* for appellant.

*Williams & Gardner* for appellee.

GEORGE ROSE SMITH, Justice. In this condemnation suit, brought by the Highway Commission, the jury fixed the value of the land being taken at $26,450. The Commission argues two points for reversal.

First, it is contended that the Commission was unfairly taken by surprise at the trial when the landowner was allowed to prove, without having pleaded, that the tracts being condemned comprised about four acres more than the figures asserted in the Commission's complaint. That contention arises from this set of facts:

By the complaint the Commission sought to acquire two tracts of land. Tract No. 422, described by metes and bounds, was alleged to contain 14.55 acres. Tract No. 422R was described in two parts: (a) The southwest quarter of the southwest quarter of a certain Section 18, and (b) a part of the northwest quarter of the adjoining Section 19, which was described by metes and bounds and was alleged to contain 23.3 acres, more or less. The description of Tract 422R ended with this clause: "A total of 63.3 Acres, more or less." It is apparent, simply by substraction, that the plaintiff as-

sumed that the southwest quarter of the southwest quarter of Section 18 contained 40 acres.

Schmoll's answer briefly denied the Commission's right to condemn all the land described in the complaint and went on to assert a right to compensation in excess of the amount deposited by the condemnor with its declaration of taking. The answer did not controvert the plaintiff's allegation that Tract 422R consisted of 63.3 acres.

At the trial Schmoll was allowed to offer proof by an abstractor of titles, over the Commission's objection, that the southwest quarter of the southwest quarter of Section 18 actually contains 43.86 acres. Counsel for the Commission at once pleaded surprise and asked for a continuance to permit the highway department's engineers to survey the land, but that request was denied.

We think the court fell into error. True, when the sole issue in a condemnation case is the value of the land the owner need not even file an answer, because the condemnor must pay just compensation whether or not the owner appears and answers. *Bradley* v. *Keith,* 229 Ark. 326, 315 S.W. 2d 13 (1958). When, however, the landowner intends to raise other issues, such as a claim for special damages, he must file an answer asserting his contentions. *Ark. State Highway Commn.* v. *Lewis,* 243 Ark. 943, 422 S.W. 2d 866 (1968). Similarly, when the other foot is shod, the condemnor's failure to plead a material matter is prejudicial to the landowner "if it puts him at an unnecessary disadvantage in the presentation of his case." *Urban Renewal Agency* v. *Hefley,* 237 Ark. 39, 371 S.W. 2d 141 (1963).

In a situation such as this one the controlling consideration on appeal is and should be that of simple fairness. Counsel for the Commission evidently drafted their complaint in the belief that the quarter quarter section comprised forty acres. Total acreage is important, because the value of rural property is ordinar-

ily determined by the acre. Counsel for the landowner were manifestly of that opinion, for they came to court prepared to prove the exact acreage that was involved. We are firmly of the view that the issue should have been brought out into the open before the day of trial. If the law were otherwise the Commission, through no fault of its attorneys, would be exposed in every case to the risk of excessive or even fictitious claims not disclosed by the pleadings. For many years the courts, aided by pretrial conferences, discovery depositions, and allied procedures, have been eliminating former practices that permitted litigants to mask their batteries until the day of trial. An affirmance of this judgment would involve a long step backward.

The appellant's second contention is that the court erred in allowing counsel for the landowner to argue to the jury, without supporting proof, that the Commission was taking more land than it needed and that in such a situation the landowner has no choice except to submit to the Commission's decision. Such an argument is not well founded, as the landowner has a clear-cut remedy in equity against the taking of more of his land than is needed for public purposes. *Burton* v. *Ward*, 218 Ark. 253, 236 S.W. 2d 65 (1951). We need not discuss the issue in detail, however, for it should not arise upon a retrial.

Reversed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice. I respectfully dissent. I find appellant's claim of surprise without merit.

Appellee Schmoll claimed no damages which could not have been contemplated upon the filing of the complaint. Under similar circumstances, this court has held that there was no abuse of the trial court's discretion in denying a continuance because of allegations con-

tained in a substituted answer filed on the calling of a case for trial. *Ft. Smith & Van Buren Bridge Dist.* v. *Scott,* 103 Ark. 405, 147 S.W. 440. The reasoning of that case should be applied here.

I do not agree with the implication of the majority opinion that an answer is required in a condemnation case to raise any issue bearing on the amount of compensation to be awarded. It is only when the landowner seeks to recover special damages, *i.e.,* damages which could not have been contemplated at the time of the taking, that an answer is required. *Bentonville R.R.* v. *Stroud,* 45 Ark. 278; *Fayetteville & Little Rock Ry. Co.* v. *Hunt,* 51 Ark. 330, 11 S.W. 418; *Ft. Smith & Van Buren Bridge Dist.* v. *Scott, supra.*

It has been held that a landowner claiming compensation for impairment of value of a farm traversed by a railroad right-of-way was not required to file an answer in order to apprise the condemnor acquiring the right-of-way what it was expected to pay for. *Fayetteville & Little Rock Ry. Co.* v. *Hunt, supra.*

As I read *Bradley* v. *Keith,* 229 Ark. 326, 315 S.W. 2d 13, and *Ark. State Highway Comm.* v. *Lewis,* 243 Ark. 943, 422 S.W. 2d 866, cited in the majority opinion, both fully recognize the rule as to requirement of answer above stated and do not suggest that an answer is required to raise issues other than *value* of the land or any issue other than that relating to special damages. In *Bradley* v. *Keith, supra,* it was held that two parties claiming the award of compensation must file pleadings asserting their claims. This was litigation between these parties, however, and the condemnor was not involved in any way.

I fail to see any possible application of *Urban Renewal Agency* v. *Hefley,* 237 Ark. 39, 371 S.W. 2d 141. There, in spite of a failure to so allege in its pleadings, the condemnor unsuccessfully sought to show that the property being taken from the landowners was subject

to an easement for a highway right-of-way granted years before by introducing a county court order purporting to create this easement. The complaint there had affirmatively alleged that the appellees in that case were the owners of the land being taken. I find no suggestion in that opinion that the right-of-way was being used at the time of taking. No owner could have possibly anticipated that any attack on his title would be made. Furthermore, one required to plead, particularly a plaintiff, may well be held to conform his proof to his pleading more strictly than a defendant not required to plead.

Of course, an answer or other pleading is necessary to raise the question whether the condemnor has the right to take the property, or whether the use for which the taking is proposed is a public use. *Mountain Park Terminal Ry. Co.* v. *Field,* 76 Ark. 239, 88 S.W. 897; Ark. Stat. Ann. § 76-540 (Repl. 1957).

Appellate relief awarding a new trial on the ground of surprise has appropriately been held not available unless it be clearly shown that the party seeking relief used proper diligence in preparation for the trial and that he is wholly free from negligence. *Merrick* v. *Britton,* 26 Ark. 496. Emphasis was there given to the presumption that one bringing an action is properly cognizant of the nature of his claim, and that facilities for information and preparation are so extensive that there can ordinarily be no excuse.

In *St. Louis & S.F.R. Co.* v. *Kilpatrick,* 67 Ark. 47, 54 S.W. 971, it was held that a new trial should never be granted on the ground of surprise when the party who claims surprise had the means at hand to overcome the conditions which caused the surprise, but failed to use them.

Lack of diligence in anticipating evidence and preparation for rebuttal has always been recognized as a bar to reversal for failure of a trial court to grant a

continuance. See, e.g., *Carter* v. *State,* 169 Ark. 1211, 278 S.W. 14. This bar was expressly recognized and applied in *Ark. State Highway Comm.* v. *Lewis,* 243 Ark. 943, 422 S.W. 2d 866, which is cited in the majority opinion. There is no more reason for finding an abuse of discretion on the part of the trial court here than there was in that case.

It was the duty of appellant to describe the lands and property to be acquired. Ark. Stat. Ann. § 76-533 (Repl. 1957). Its complaint simply incorporated an attached schedule describing the two tracts taken from appellee Schmoll, in conformity with this requirement. One of these tracts included the southwest quarter of the southwest quarter of section 18 in township 7 north 18 west· The statement of acreage made following the description of the property taken was not governing, nor was it essential, and regardless of the statement in the pleadings as to the quantity of land, the taking included the southwest quarter of the southwest quarter of section 18, regardless of its size. It was the tract described that was taken, not the number of acres added to the description.

Condemnation proceedings are essentially in rem. *Arkansas State Highway Comm.* v. *Hammock,* 201 Ark. 927, 148 S.W. 2d 324.

When land is described according to government surveys, a mere specification of the section or subdivision thereof is a sufficient description carrying the whole subdivision described, irrespective of the number of acres mentioned. *Wood* v. *Haye,* 206 Ark. 892, 175 S.W. 2d 189; *Plant* v. *Sanders,* 209 Ark. 108, 189 S.W. 2d 720; *Alphin* v. *Banks,* 193 Ark. 563, 102 S.W. 2d 558.

Of course, this tract was on the west side of the township and it is a matter of common knowledge among lawyers, engineers and others who deal with real estate, that overages in acreage in any township were included in the subdivisions of the government surveys on the

north and west sides of the township. In preparing Schedule A, it was obviously necessary for appellant to cause a survey of a portion of the north half of the northwest quarter of section 19 to be made. In so doing, the surveyor took a beginning point at the northwest corner of the north half of the northwest corner of section 19 and proceeded along the north line thereof a distance of 2,762.6 feet. This line was also the south line of the south half of section 18. According to the government survey, the south line of the southwest quarter of section 18 (also the north line of the north half of the northwest quarter of section 19) was 41.83 chains or 2,760.78 feet, or 120.78 feet longer than a regular quarter section boundary. Thus, in the surveyors first course, it should have been obvious to him that the southwest quarter of the southwest quarter contained more than the usual forty acres. His terminal point was less than two feet from the center of the section. In spite of this, he apparently added the acreage of his metes and bounds description of the tract in section 19 to forty acres and showed a total of 63.3 acres more or less. Strangely enough, the figures 43.86 were written longitudinally on the page opposite the typed words "Tract #422R" on Schedule A to the complaint.

Furthermore, the attorneys for the condemnor obviously made preparation for trial. In addition, the appellant called its reviewing appraiser, Mr. Walker Watson, and Mr. A. R. Jordan of Russellville, a real estate broker and appraiser, to testify as to the respective valuation of appellee's lands before and after the taking. It is difficult to understand how this case went through preparation for trial during the 20 months it was pending without someone on behalf of appellant having examined the government survey on file in the county courthouse to determine the area being taken. Reasonable diligence would have revealed the facts.

This court has consistently held that the matter of granting continuances lies in the discretion of the trial court. *Arkansas Louisiana Gas Co.* v. *Howell*, 244 Ark.

86, 423 S.W. 2d 867.    It is only where there is a manifest abuse of that discretion that this court will reverse a refusal of such a motion.    *Norton & Wheeler Stave Co.* v. *Wright,* 194 Ark. 115, 106 S.W. 2d 178.

I would not reverse because of the statements of counsel in closing argument, although I think they were erroneous and might have been prejudicial.    Yet, they were not so prejudicial that a proper admonition to the jury by the court could not have removed any prejudice. Appellant, however, objected to the remarks and moved for a mistrial without ever requesting a proper admonition by the court.    Thus, I find no prejudicial error.