ARKANSAS STATE HIGHWAY COMM'N *v.* MARGARET WATSON ET AL

5-5128                                    451 S. W. 2d 741

Opinion delivered March 30, 1970

*Thomas B. Keys, Philip N. Gowen* and *Bedford G. Webb,* for appellant

*Clark, Clark & Clark, Guy H. Jones, Phil Stratton* and *Kenneth Coffelt,* for appellees.

Frank Holt, Justice. This is a condemnation proceeding in which appellant acquired 12.77 acres from appellees' tract of land containing approximately 195 acres. The land was needed for the purpose of constructing a controlled access highway facility. This acquisition severed the property, leaving one residual containing 118.83 acres and the other 64.04 acres. One of appellees' two expert value witnesses testified that just compensation was $7,400 and the other estimated damages at $8,350. Mrs. Bessie Watson Coffelt, one of the landowners, testified that $24,200 was just compensation. One of appellant's two expert value witnesses testified that the landowners' just compensation was $2,000 and the other witness placed damages at $2,250. The jury awarded $16,000. From that judgment comes this appeal.

Appellant first contends the trial court erred in allowing Mrs. Coffelt to testify as an expert witness. We agree with the appellant's contention. Mrs. Coffelt had been licensed for four years as a real estate broker plus two years additional experience as a real estate salesman, as well as experience in real estate transactions while working in her husband's law office. When she was asked on direct examination for her opinion as to the before value of the land, appellant objected on the ground that she was not qualified as an expert to testify in this proceeding. The court held that: "[S]he's qualified as an expert in the field of condemnation of land to base an opinion as to value." She testified on direct examination that "as an owner" the land was worth $200 an acre before the taking and as a real estate broker "I still say it's $200 an acre." At the conclusion of appellees' case the appellant, in an in-chambers proceeding, moved to strike the testimony of the landowners' expert witnesses, Barnes and Pearce, as well as Mrs. Coffelt's, "[f]or the reason that there is no substantial testimony upon which they might base their opinions and the things testified to by them are speculative and highly conjectural." The court denied the motion as to Barnes and Pearce. The court withheld passing upon the motion as to the testimony of Mrs. Coffelt "as an expert."

The pertinent rule is well stated in 5 Nichols, Eminent Domain, § 18.42:

"While dealers in real estate, local officials and other witnesses who are supposed to have a special science and skill in appraising real estate are commonly spoken of as 'real estate experts,' they are not expert witnesses in the narrower meaning of the phrase. In other words, the general skill and knowledge of his subject which such a witness is supposed to possess is not in itself enough to qualify him to give an opinion of value in an eminent domain proceeding. He must, in addition to such general knowledge, be acquainted with values in the vicinity of the land in controversy, and he

must be familiar with the property itself, or at least have examined it at or about the time of the taking."

On direct examination Mrs. Coffelt stated that she had not "investigated any particular piece of real estate in Faulkner County." She revealed a lack of familiarity with the value of farm property in the vicinity of the land in question. She testified that she had never sold any farm land. On cross-examination a lack of familiarity with the subject matter was further shown. In our view Mrs. Coffelt did not demonstrate the necessary general knowledge concerning the subject of farm values nor the prices of land in the area to justify a reasonable basis for her testifying as an expert. We must consider her testimony as being prejudicial. The jury awarded almost twice as much as the damages testified to by her two expert value witnesses. We have said many times that where an error is committed to which a proper objection is made, the error will be treated as prejudicial unless it be demonstrated that the appellant was not prejudiced. *Arkansas State Highway Comm. v. Ptak*, 236 Ark. 105, 364 S. W. 2d 794 (1963).

The appellant next asserts that the testimony of Mrs. Coffelt, as a landowner, is insubstantial. We have long recognized that an owner of property is competent to testify as to the value of his property even though he has no knowledge of property values if he has an intimate acquaintance with his property. *Arkansas State Highway Comm. v. Duff*, (May 12, 1969) 440 S. W. 2d 563. However, it does not mean that every landowner's testimony constitutes substantial evidence and we review the testimony to determine whether there is a satisfactory explanation given for the conclusion reached. *Arkansas State Highway Comm. v. Darr*, (Feb. 24, 1969) 437 S. W. 2d 463.

Mrs. Coffelt testified that she considered the before value of the land at $200 per acre. She placed the uniform damage to one residual at $100 per acre because of reduction in size and distortion. She uniformly re-

duced the value of the other residual from $200 to $50 per acre due to the reduction in size and distortion and asserted that it was landlocked. It appears she was unaware, except by reference to the construction plans, of the existence of a direct access between the two residuals by the construction of a large culvert. She admitted that she had never sold farm property and it appears that she had no knowledge of the value of farm property in this vicinity. Mrs. Coffelt, one of several heirs to the lands, did not live upon nor utilize the property. Her mother had occupied and exercised complete control and management of the property for many years. Based upon the record before us, we are of the view that Mrs. Coffelt failed to demonstrate a sufficient intimate knowledge of the land, before and after the taking, to constitute a reasonable basis for her value opinion. Therefore, we hold her testimony as a nonresident landowner was insubstantial. *Arkansas State Highway Comm.* v. *Darr, supra.* See, also, *Arkansas State Highway Comm.* v. *Stanley,* 234 Ark. 428, 353 S. W. 2d 173 (1962).

The appellant also insists that the court erred in failing to strike the testimony of the landowners' two expert value witnesses. After careful consideration we are of the view that any infirmities in their testimony bear upon the weight and do not render it inadmissible.

Reversed and remanded.