ARKANSAS LOUISIANA GAS CO. *v.*
M. H. VERSER ET UX

5-5689                              475 S.W. 2d 148

Opinion delivered January 17, 1972

*James C. Cole,* for appellant.

*Weldon O. Epperson,* for appellees.

LYLE BROWN, Justice. Appellant Arkansas Louisiana Gas Company by eminent domain acquired a right-of-way across 158 acres of land belonging to M. H. Verser and wife, appellees. Appellant poses three points for reversal and we shall successively list and discuss them

Point I. *The court erred in allowing testimony of damages by way of alleged trespass outside the right-of-way described in the taking.* No answer alleging special damages was filed. The right-of-way description set out in the complaint of taking described a strip sixty feet in width, reverting to forty feet after construction. Over the timely objections of appellant, three witnesses for appellees testified that appellant cut a swath far in excess of sixty feet in numbers of places. M. H. Verser testified (as abstracted) that shade trees were cut "and nice level places I could have used and developed alongside the right-of-way. The right-of-way in width runs all the way from sixty-five feet to 125 feet. What I am trying to say is that I was damaged other than the right-of-way." Lloyd Hardage testified: "[T]he width where the timber had been bulldozed off when this line was laid figures from sixty-five to 112 feet. I measured it. I would say it would average eighty to eighty-five feet in width." Witness Arlin Jones testified: "I measured the gas line through the forest and woods at some twenty to twenty-five places with a hundred foot tape. Maybe a place or two. I found it sixty-five feet in width and it runs all the way up to 100 feet, averaging about eighty feet." Since the right-of-way traversed diagonally 158 acres of land it can be seen that those witnesses were testifying to considerable damages due to leveling and bulldozing a substantial amount of acreage outside the legal right-of-way. To all of the recited evidence the appellant objected, moved for mistrial, and in the alternative asked for a continuance in order that appropriate defenses could be prepared. All of those requests were denied. The court fell into error.

In the early case of *Railway* v. *Hunt,* 51 Ark. 330, 11 S. W. 418 (1888), it was pointed out that the landowner is not required to file an answer *unless* he is

claiming special damages not in contemplation on filing the petition. See *Arkansas State Highway Comm'n. v. Lewis,* 243 Ark. 943, 422 S. W. 2d 866 (1968). Then in *Bradley* v. *Keith,* 229 Ark. 326, 315 S. W. 2d 13 (1958), this court said that if a landowner claimed such special damages as the cost of building and maintaining fences along the strip of land taken, the claim should be pleaded. A case very much in point is *Arkansas State Highway Comm'n.* v. *Schmoll,* 245 Ark. 21, 430 S. W. 2d 852 (1968). At the trial, and without a special pleading to that effect, Schmoll was allowed to offer proof to the effect that the highway department was taking more land than was described in the taking. In the case at bar the landowners were allowed to offer proof that the taking constituted more lands than were described in the taking. In *Schmoll* we said that special damages such as that raised by the landowner should have been pleaded.

Appellees contend that the value of lands taken, together with any damages to the remainder is a well-recognized rule to achieve just compensation and does not have to be pleaded. That is true as to the diminution in value to the remainder which is reasonably expected to result because of the severance. But when *special* damages are alleged to arise, such as construction damages to lands not within the taking, those damages must be pleaded. It is only fair, as was said in *Schmoll,* supra, that allegations of special damages be "brought out in the open" before the day of trial in order that reasonable time be allowed for preparation.

Point II. *It was error to permit the owner's opinion of values to go to the jury.* If a landowner has an intimate acquaintance with his property he may give value testimony even though he had no knowledge of other property values. On appeal we review his testimony to determine whether it was substantial. *Arkansas State Highway Comm'n.* v. *Watson,* 248 Ark. 422, 451 S. W. 2d 741 (1970). M. H. Verser had lived on or near the lands for forty-six years. He inherited half the lands from his father. He had surveys made for the purpose of selling small homesites, which was conceded to be

its highest and best use. For valuation purposes he divided the land into four separate tracts based on topography as it would affect the construction of homes. He fixed a value on the land taken and gave his opinion as to the impact of the right-of-way to the remainder. We find no error in the landowner's method of calculation.

Point III. *There were numerous prejudicial rulings by the trial court.* Here we treat only those points which touch on matters likely to arise in the event of another trial. Appellant attacks the admissibility of comparable sales used by experts Hardage and Jones. The witnesses used as comparable the sales of small tracts of acreage for homesites, ranging from 1.7 acres to three acres each. Appellant contends there is no comparability between those sales and the large Verser tract of 158 acres. What the two witnesses were attempting to do was to determine what the Verser tract was worth when put to its highest and best use. We find no error. Appellant attacks the testimony of witness Jones as tending to inflame the jury. We do not agree; however, there is merit in appellant's suggestion that some of the witness' answers were not responsive to the questions. Error is also suggested in that witness Jones related his experience in paying for gas mains to cross the streets in a sub-division developed by him. It was not improper for an experienced developer to describe the requirement because it is commonly recognized as a regular cost attached to new sub-divisions involving gas mains.

Reversed and remanded.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I agree that the landowner in this case should have filed a pleading to assert his claim for damages to his lands outside the boundaries of the right-of-way described in the condemnor's complaint. It is not at all clear to me whether the landowner was asserting that the condemnor tortiously damaged this part of his land, during the con-

struction, or that the actions of the condemnor amounted to a taking of lands in excess of that described in the complaint. While I do not agree that the damages claimed by appellee are in the strict sense of the term "special damages," I do agree that, in the absence of some pleading, a plea of surprise might have been anticipated and that a continuance should have been granted.

Procedures in condemnation by appellant are governed by Ark. Stat. Ann. §§ 35-201—207 (Repl. 1962). See Ark. Stat. Ann. § 35-602 (Repl. 1962). This procedure requires a petition by the condemnor to the circuit court to have damages for its right-of-way previously surveyed and located and described in the petition. Ark. Stat. Ann. §§ 35-201, 203. This definitely fixes the lands taken for which a jury must determine just compensation. Ark. Stat. Ann. § 35-204. The damages include many elements. See *e. g., L. R., Miss. R. & Texas Railway Co.* v. *Allen,* 41 Ark. 431, and cases cited infra.

If construction has been completed at the time of trial, as in this case, the damages to be assessed by the jury are to be based upon the state of facts then existing and viewed in the light of the actual construction and are to embrace all past, present and future damage which the location of the utility may reasonably produce. *Springfield & Memphis Railway Co.* v. *Rhea,* 44 Ark. 258.[1] We said there, in rejecting the contention that certain elements claimed were not recoverable because they were attributable to faulty construction, that the law did not favor the splitting up of causes of action or the multiplication of suits for the same injury. Cf. *Arkansas State Highway Commission* v. *Dixon,* 247 Ark. 130, 444 S. W. 2d 571. But whether due to proper or improper construction, such damages are not required to be pleaded. *Arkansas Central Railroad Co.* v. *Smith,* 71 Ark. 189, 71 S. W. 947.

In *Railway* v. *Hunt,* 51 Ark. 330, 11 S. W. 418, we held that an answer was not necessary under these statutes, unless for the purpose of claiming special dam-

[1]An answer was filed in this case.

ages, which were not in contemplation on filing the petition. We said that there was no need for an answer in order to apprise the condemnor what it is expected to pay for in the way of damages to the owner's lands remaining in the tract from which the right-of-way is taken. An analysis of our decisions leads me to the conclusion that the real test applied by this court is not whether the damages are special, but whether they are attributable to an injury which should be anticipated and of which the condemnor should take notice from the allegations of the petition itself. See *Bentonville Railroad* v. *Stroud,* 45 Ark. 278; *Railway* v. *Hunt,* supra; *Arkansas State Highway Commission* v. *Lewis,* 243 Ark. 943, 422 S. W. 2d 866. See also, *Arkansas State Highway Commission* v. *Wilmans,* 239 Ark. 281, 388 S. W. 2d 916; *Arkansas Central Railroad Co.* v. *Smith,* supra. The reasoning upon which it is held that no answer is required in such cases is that an answer which merely particularizes damages which may be contemplated from the allegations of the petition is unnecessary. *Ft. Smith & Van Buren Bridge District* v. *Scott,* 103 Ark. 405, 147 S. W. 440. We have said that the only purpose of a pleading by the landowner is to prevent surprise. *Arkansas State Highway Commission* v. *Dixon,* supra.

In sustaining judgments for elements of damages in cases in which no answer was filed by the landowner, the important consideration seems to be whether the condemnor was taken by surprise and made a specific objection on that account.[2] *Railway Co.* v. *Hunt,* supra; *Ft. Smith & Van Buren Bridge District* v. *Scott,* supra; *Arkansas State Highway Commission* v. *Dixon,* supra; *Arkansas State Highway Commission* v. *Lewis,* 243 Ark. 943, 422 S. W. 2d 866.

The matter seems definitely settled in *Arkansas State Highway Commission* v. *Schmoll,* 245 Ark. 21, 430 S. W. 2d 852. There, the court did not say, and could not well say, that the landowner's claim that the area of the unit damaged by the taking was greater than the acreage alleged in the complaint amounted to one

[2]This was done in this case.

for special damages. Still, it was held that the landowner should have apprised the condemnor of the issue as to total acreage involved by answer. An analogy was drawn to our holding that the condemnor's failure to allege a material fact is prejudicial to the landowner if it puts him at an unnecessary disadvantage in the presentation of its case. See *Urban Renewal Agency* v. *Hefley,* 237 Ark. 39, 371 S. W. 2d 141. In *Schmoll,* the court sustained the condemnor's contention that the landowner's failure to plead the difference in acreage claimed by him caused the condemnor to be unfairly surprised.

By analogy to *Schmoll,* the condemnor was justified in pleading surprise here, however the landowner's claim is classified. If the condemnor took land which was not the subject of the proceeding filed by it, the landowner had a remedy by an inverse condemnation proceeding or by injunction. *Bentonville R. R.* v. *Baker,* 45 Ark. 252; *Cairo & Fulton R. R. Co.* v. Turner, 31 Ark. 494; Ark. Stat. Ann. § 35-101 (Repl. 1962); *McKennon* v. *St. Louis, I. M. & S. Ry. Co.,* 69 Ark. 104, 61 S. W. 383; *Missouri & N. A. R. Co.* v. *Chapman,* 150 Ark. 334, 234 S. W. 171. See also, *Miller Levee District No. 2* v. *Wright,* 195 Ark. 295, 111 S. W. 2d 469. In such an action the owner could also seek recovery for damages to lands adjoining the right-of-way. *Missouri & N. A. Ry. Co.* v. *Bratton,* 92 Ark. 563, 124 S. W. 231. See also, *St. Louis, I. M. & S. Ry. Co.* v. *Theodore Maxfield,* 94 Ark. 135, 126 S. W. 83. In any such event a written pleading would have been required.

There is no case, whether with regard to lands inside or outside the limits of the right-of-way, in which railroads or others may injure the property of others by negligent or unskillful exercise of a right without a corresponding liability. *St. Louis, I. M. & S. Ry. Co.* v. *Morris,* 35 Ark. 622. See Am. Jur. 2d 408, Eminent Domain, § 478. A landowner is entitled to recovery for damages done to his adjoining lands which ordinarily and naturally result from the taking and use of the right-of-way, and is left to an action in tort only if negligence is involved. *Arkansas State Highway Commission* v. *Steed,* 241 Ark. 950, 411 S. W. 2d 17. If

resort to a tort action were necessary, a written pleading would also be required. However, in keeping with our holding in *Springfield & Memphis Railway Co.* v. *Rhea,* supra, it is desirable that all damages be considered in the same action under whatever label they are to be classified in order to avoid a multiplication of suits, so it should have been possible for the landowner to assert any claim for damages by reason of the condemnor's torts in regard to the taking and construction in the same action. But a pleading putting the condemnor on notice of such a claim should certainly be required, and in the absence thereof a plea of surprise should receive serious consideration. In my opinion, failure to grant a continuance in this case was an abuse of discretion requiring reversal.