ARKANSAS STATE HIGHWAY COMMISSION
*v*. Lester WRIGHT et ux

79-74                                                     585 S.W. 2d 955

Opinion delivered September 17, 1979
(In Banc)

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Ernie E. Wright,* for appellees.

FRANK HOLT, Justice. In this eminent domain proceeding, the appellant acquired fee title to .36 acres of a three acre tract of commercial real estate land from the appellees. The jury awarded $20,000 as just compensation.

Appellant first contends that the court erred in permitting appellees' expert witness, Evans, to testify to severance damages after testifying to the market value of the part taken. Appellant argues that the proper measure of damages in eminent domain cases in which a partial taking is involved is the difference in the market value of the whole property before the taking and the value after the taking less any enhancement to the remainder, citing *Young* v. *Arkansas State Highway Commission,* 242 Ark. 812, 415 S.W. 2d 575 (1967). We need not reach the merits of this argument since it is well established that when part of a witness' testimony is admissible, it is proper for the court to refuse, as here, a motion to strike the witness' entire testimony. *Urban Renewal Agency of Harrison* v. *Hefley,* 237 Ark. 39, 371 S.W. 2d 141 (1963); *Young* v. *Arkansas State Highway Commission, supra;* and *Arkansas State Highway Commission* v. *Maus,* 245 Ark. 357, 432 S.W. 2d 748 (1968). Here appellees' value witness, Evans, admittedly an expert witness, testified on direct examination that the value of the land taken was $23,500. Over appellant's objection, however, he was also permitted to testify that the remaining property suffered $6,000 in severance damages because of the taking. Evans' testimony, as an expert witness as to the total value of the land taken, was unquestionably proper. Therefore the court properly refused to strike his testimony in its entirety.

Appellant next asserts that the court erred in permitting the testimony of appellees' witness, Magness, to go to the jury and in overruling appellant's motion for a mistrial. Again the appellant moved to strike this witness' testimony in its entirety. This witness, as did Evans, testified as to the sale price of

other properties in the vicinity of the condemned property. This testimony is admissible if it is shown, as here, that the pieces of property are similar or comparable to the condemned tract. Here Magness testified to the sale price of similar property he had purchased in the vicinity for his own use. This tract and the property being taken had "good easement drive off" and substantial highway frontage. His testimony of comparable sales in the vicinity was admissible. The court properly refused to strike his testimony in its entirety. Furthermore, any possible prejudice was removed when the court, by consent of the appellees, instructed the jury to disregard all of Magness' testimony with reference to the value he placed on the lands taken or any just compensation to the appellees.

Affirmed.